COSKERY & DAVIDSON v. WOOD.

1. JURISDICTION.—Where a defendant appears by attorney and answers to the merits, the Court thereby acquires jurisdiction of his person.

2. EVIDENCE—JUDGMENT.—A FOREIGN JUDGMENT, authenticated as required by the acts of Congress, is *prima facie* evidence here that such judgment has been rendered by a court of competent jurisdiction, under the laws of such State.

3. JURIES—CIRCUIT JUDGE.—Where the evidence is only documentary the Judge must pass upon it, and may direct a verdict.

Before GARY, J., Barnwell, November, 1897.    Affirmed.

Action by Coskery & Davidson *v.* J. N. Wood on a foreign judgment. From judgment for plaintiff, defendant appeals.

*Messrs. G. W. M. Williams* and *Jos. M. Skinner,* for appellant, cite: *Simple proof of judgment in Georgia not sufficient; all facts necessary for judgment here should have been proved:* Code, 91; 4 Rich., 509; 1 Bail., 248; 5 Strob., 35; Riley, 200; 1 Hill Ch., 459; 2 Sp., 282; 13 Rich. Eq., 40; 10 Rich. Eq., 477; Code, 170, 271.

*Messrs. Bellinger, Townsend & O'Bannon,* contra, cite: *Court acquires jurisdiction of defendant's person by his appearing and answering on merits:* 37 S. C., 231; 35 S. C., 372; 43 S. C., 176; 41 S. C., 22; 43 S. C., 281; 45 S. C., 559; 46 S. C., 9, 15. *Exemplification of record being admitted, full faith and credit must be given it:* 44 S. C., 195; 1 Speer Eq., 215; 1 Hill, 44; 6 Ired. L., 14; 28 S. E. R., 411; 18 S. E. R., 500; 16 S. E. R., 969. *Testimony not disputed, and documentary, Judge may direct verdict:* 3 S. C., 365; 26 S. C., 231; 13 S. C., 116; 15 S. C., 92; 13 S. C., 378.

*Mr. Henry S. Jones,* also contra, cites: *Service of process:* Ga. Code, 4985. *Traverse of return:* Ga. Code, 4988. *Dismissal of appeal remands parties to original rights:* 1 Ga., 92. *Court gives judgment on written contracts on failure to answer:* Ga. Code, 5076, 5848.

July 7, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. The following is a copy of the "Case" as prepared for argument in this Court, together with the exceptions, for the purpose of this appeal: "This action was commenced by service of the summons, after order obtained for publication, and attachment of defendant's property in this State, on the 3d day of August, 1895. Service of the complaint was accepted by the defendant's attorney, Mr. S. G. Mayfield. The defendant appeared by said attorney and served the answer hereinafter set out. The subject of the action being an alleged judgment of the County Court of Bulloch County, Georgia, bearing date 3d July, 1895, in favor of these plaintiffs against this defendant. The cause came on to be heard at the November, 1897, term of Barnwell Common Pleas, his Honor, Judge Ernest Gary, presiding, upon the pleadings and the evidence submitted by the plaintiffs. The only evidence introduced being the exemplification of the judgment record from Georgia, hereinafter set forth. No other testimony was offered. At the close of the plaintiffs' testimony, the defendant moved for a nonsuit, claiming that, upon the showing made, the Court had not acquired jurisdiction of the subject of the action nor person of the nonresident defendant. Motion refused. Defendant offered no testimony, and insisted that the plaintiffs should not recover, because they had not shown by any testimony other than the alleged copy record, that, according to the law of Georgia, they were entitled to recover in that action, nor upon the subject of the action here as a valid, subsisting, legal demand against the defendant. His Honor overruled the several propositions of the defendant, and directed the jury to find a verdict for the plaintiffs. Their verdict, under the directions of the Judge, was rendered for the plaintiffs for $619.86, and the plaintiffs have judgment therefor against defendant. Defendant duly served notice of appeal, and excepts to the several rulings of his Honor against him on the trial of the cause. (1) Becaue his Honor should

have granted a nonsuit for lack of jurisdiction properly obtained against the non-resident defendant. (2) He held that the plaintiffs were entitled to recover upon their alleged certified judgment, without any proof of the law of Georgia authorizing a recovery in a like case; and it is respectfully submitted (and excepted to) that the proofs submitted on the trial do not warrant a recovery against the defendant, in that they do not show a valid judgment recovered against the defendant. (3) He directed a verdict for the plaintiffs, there being testimony to be passed upon by the jury. We respectfully propose the foregoing statement, the pleadings and testimony hereto annexed, and the Judge's rulings upon the trial, as they appear by the stenographer's report, &c., as our case for appeal herein."

To the foregoing statement, which we have copied in full, is appended a copy of the pleadings in the present action, consisting of the complaint, in which the plaintiffs allege the recovery of the judgment in the State of Georgia; that defendant has not paid the same, and judgment demanded for the amount thereof; and the defendant's answer, which is not only signed by his attorney, Mr. Mayfield, but is verified by the defendant in his own proper person, in which the only defense set up is a general denial of the allegations of the complaint, without any plea of payment or other special defense. Then follows a copy of the proceedings in the Georgia courts, in which the judgment sued upon in the present action was obtained.

The exceptions for the purposes of this appeal were not numbered in the original statement copied above, but, for convenience of reference, we have numbered them in the copy which we have made, and we purpose now to consider them in their order. The first exception manifestly cannot be sustained; for, besides the statement made in the "Case," that this action was commenced by the service of the summons in this State, after the order for publication and attachment was obtained, it distinctly appears that the defendant not only appeared and answered

by counsel, but it also appears that such answer was verified by the defendant in his own proper person.  There cannot, therefore, be a shadow of doubt that the Court had obtained full jurisdiction of the person of the defendant, for it has too often been held that where defendant appears and answers to the merits, the Court thereby acquires jurisdiction of his person as fully as if he had been served by the sheriff, to render it necessary to cite authorities to sustain such a well settled proposition.   The first exception is overruled.

The second exception seems to be based upon the idea, that before a court of this State can render judgment upon a judgment recovered in another State, it must be made to appear that, under the law of such other State, the courts of that State were entitled to render such judgment.   This, it seems to us, would involve the necessity of retrying the original case, and would render of but little value the provision of sec. 1 of art. IV. of the Constitution of the United States, declaring that "Full faith and credit shall be given in each State to the public acts, records, and judicial poceedings of every other State.   And the Congress may, by general law, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof."   When, therefore, an action is brought in this State upon a judgment recovered in another State—a foreign judgment, as it is termed—and the same is properly authenticated in the manner prescribed by the acts of Congress for that purpose, it must be regarded, at least, as *prima facie* evidence that such judgment has been rendered by a court of competent jurisdiction, in conformity to the laws of the State in which it appears to have been rendered.   If, however, it is claimed that the exemplification of the record, when offered in evidence, is not properly authenticated, objection must then be made, and will not afterwards avail.   So, also, if defendant is able to show that the Court, which undertook to render the judgment, had no jurisdiction either of the person of the defendant or of the subject matter, that, perhaps, would defeat a recovery here,

as it would be no judgment, if the Court had no jurisdiction; but the burden is upon the defendant to show this, and if it is not shown, it will be presumed that the Court had jurisdiction.    These views while, perhaps, not distinctly decided, may be inferred from the following cases: *Clark* v. *Parsons*, Rice, 16; *Lawrence* v. *Gaultney*, Cheves, 7; *Arnold* v. *Frazier*, 5 Strob., 33; *Schoonmaker* v. *Lloyd*, 9 Rich., 173.    In the case under consideration, it does not appear that any objection was interposed when the exemplification of the record of the Court of Georgia was offered in evidence, and, therefore, we need not stop to inquire whether it was properly authenticated.    So, also, the defendant offered no evidence tending to show that the Georgia Court had no jurisdiction of the case.    It is true, that the exemplification of the record does show that an attempt was made to dispute the sheriff's return of service, but that was unsuccessful in the County Court, and on appeal to the Superior Court, the action of the County Court was affirmed.    The second exception must, therefore, be overruled.

The third exception is too general in its terms to require any consideration at the hands of this Court; but, waiving that, the exception manifestly cannot be sustained. The only testimony introduced was the exemplification of the record of the judgment obtained in Georgia—documentary testimony—upon which the Court, and not the jury, was to pass, and there was no issue of fact to be passed upon by the jury.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.