## 17666

M. Kenneth HAMILTON and Sophie Hamilton, trading and doing business under the name and style of Texas Kiddie Rides of Florida, Respondents, v. W. J. PATTERSON and Ruby H. Patterson, Appellants.

(115 S. E. (2d) 68)

*Sam R. Watt, Esq.,* of Spartanburg, *for Appellants,*

*Messrs. Kerr & Evans,* of Spartanburg, *for Respondents,*

June 8, 1960.

OXNER, Justice.

This is an appeal by defendants from an order striking their answer as irrelevant, sham and frivolous and not constituting a defense to plaintiffs' cause of action, and granting judgment in accordance with the prayer of the complaint.

Plaintiffs alleged that in an action instituted by them in the Circuit Court of Orange County, Florida, a court of general jurisdiction, they recovered judgment against defendants on October 28, 1958, for $12,383.82, which was duly docketed and enrolled in the Clerk's office of said county; that no part of said judgment had been paid and that there was due and owing thereon the full amount with interest from October 28, 1958. The prayer was for judgment for $12,383.82 and interest.

As a first defense, the defendants denied that the judgment referred to in the complaint "was a valid and lawful judgment", and further denied the remaining allegations of the complaint. As a second defense, they alleged that the action brought against them in Florida was for an alleged balance due upon the purchase price of "Karousels", which they claimed they were induced to purchase by fraudulent representations on the part of plaintiffs as to the income to be derived from said machines, and were further falsely led by plaintiffs to believe that they were purchasing a "going business". As a third defense, defendants alleged "That they never did purchase but two of said Karousel machines outright from the plaintiffs which were paid for in full and these were for the sum of Twelve Hundred Ninety-five and No/100 ($1,295.00) Dollars each." As a fourth defense, they alleged that some of the machines, originally valued at $1,295.00 each, where seized and sold by plaintiffs and bid in by them for the sum of $100.00, which was far less than their full market value. It was then alleged that "in good conscience and equity, the plaintiffs should not be permitted to recover in this action, and in the event they are permitted

to recover, in any amount (defendants deny owing the plaintiffs any sum) then and in such event, the defendants should be given full credit for the full market value of said machines." As a fifth defense, defendants alleged that they had never received any income from any of the machines except the two which had been paid for in full, and that "in view of all the facts and circumstances leading up to and including (inducing) the defendants to make any purchase or to enter into any agreement with the plaintiffs were false and untrue and therefore the plaintiffs should not recover in this action."

Attached to the motion to strike and made a part thereof was an exemplified copy of the final decree of the Florida Court properly attested and authenticated in accordance with the applicable Federal statute. It is recited in this decree that after hearing the evidence and considering the entire record, it was found that the property referred to in the suit had been sold by the Clerk of that Court to the plaintiffs for $100.00, which represented its reasonable value, and that after deducting this amount, there was due and owing by defendants to plaintiffs the sum of $12,383.82. It was thereupon adjudged and decreed that the Court had jurisdiction of the parties and the subject matter; that the motion for deficiency decree be granted; and that the plaintiffs do recover of defendants the sum of $12,383.82, with interest from the date of the decree.

Although not shown in the exemplified copy of said judgment, it is conceded that defendants filed an answer in the suit instituted in Florida.

It is the duty of the Court to strike out an answer when it appears "that the pleading is manifestly sham and irrelevant or false, and is filed merely for the purpose of delay or without good faith"; and an answer may be stricken as sham notwithstanding the fact that it "contains a general denial, if admissions in the remainder of the answer disclose the fact that there is no defense." *Ocean Forest Co. v. Woodside,* 184 S. C. 428, 192 S. E. 413, 417.

There is a presumption that the Florida Court had ■■ jurisdiction of the subject matter and the parties and that all proceedings in that case were regular and in accordance with the Florida law. In *Coskery v. Wood,* 52 S. C. 516, 30 S. E. 475, 476, the Court said: "When * * * an action is brought in this state upon a judgment recovered in another state,—a foreign judgment, as it is termed,— and the same is properly authenticated in the manner prescribed by the acts of congress for that purpose, it must be regarded, at least, as *prima facie* evidence that such judgment has been rendered by a court of competent jurisdiction, in conformity to the laws of the state in which it appears to have been rendered." There is nothing in the answer to rebut this presumption. The attack now made upon the judgment goes only to the merits of the case tried in Florida. Where a judgment rendered by a court having jurisdiction of the cause and the parties is challenged in another State, "the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based." *Milliken v. Meyer,* 311 U. S. 457, 61 S. Ct. 339, 342, 85 L. Ed. 278. "Because there is a full faith and credit clause a defendant may not a second time challenge the validity of the plaintiff's right which has ripened into a judgment." *Magnolia Petroleum Co. v. Hunt,* 320 U. S. 430, 64 S. Ct. 208, 214, 88 L. Ed. 149, 150 A. L. R. 413.

This clause of the Federal Constitution U. S. Const. ■ art. 4, § 1 and the Act of Congress which implements it "require the judgments of the courts of one State to be given the same faith and credit in another State as they have by law or usage in the courts of the State rendering them." *Morris v. Jones,* 329 U. S. 545, 67 S. Ct. 451, 454, 91 L. Ed. 488, 168 A. L. R. 656. We, therefore, proceed to determine whether the defenses set up in this answer could have been asserted in an action brought in Florida. It is well settled in that State that "a judgment on the merits in a suit

between the same parties on the same cause of action by a court of competent jurisdiction operates as an estoppel, not only as to matters offered, but also 'as to every other matter which might with propriety have been litigated and determined in that action.'" *Wolfson v. Rubin,* Fla., 52 So. (2d) 344, 346. Substantially the same rule is followed in South Carolina. *Antrum v. Hartsville Production Credit Association,* 228 S. C. 201, 89 S. E. (2d) 376.

It is clear under the foregoing rule that defendants are now precluded from trying the issue of whether they were induced to purchase these "Karousels" by false representations or the issue of whether they paid for all machines delivered. Nor will they now be heard to say that these machines were sold and bid in by plaintiffs at an inadequate price. No fraud in connection with the sale is charged. Defendants had a full opportunity when sued in Florida to assert all the defenses set up in the answer. They are now barred from relitigating the merits of that controversy.

It is argued that even though the judgment of the Florida Court be declared valid and entitled to full faith and credit under the Constitution, a court of equity may nevertheless in a proper case grant equitable relief against its enforcement. It is said that when this is done, the integrity of the judgment is not challenged but the parties are only enjoined from enforcing it. There is authority for this view. 30-A Am. Jur., Judgments, Sections 759 and 761. One of the grounds upon which equitable relief is granted by some courts, and apparantly the one relied on here, is where it would be unjust and unconscionable to enforce the judgment. Section 765. However, where the foregoing rule is followed, it is not applied without limitations. In Section 762, it is stated: "Under the general rule, a court of equity will not retry the same issues determined in the former hearing by a court of competent jurisdiction, in the absence of fraud, accident, or undue advantage of the prevailing party. Thus, ordinarily, a party is not entitled to equitable relief from a judgment on

grounds which would have been a defense in the original action."

Assuming the soundness of the rule that the courts of one State are empowered to grant equitable relief against the enforcement of a judgment rendered in another State, the answer in this case furnishes no basis for granting such relief. There is no showing of mistake, surprise, fraud or any undue advantage taken of defendants. Nor does it appear that we are called upon to enforce an unconscionable judgment. It is true that defendants alleged that the "Karousels" were not sold for their full market value but this alone is insufficient to justify setting aside a judicial sale. It is well settled in this State "that inadequacy of price, unless so gross as to shock the conscience of the court or accompanied by circumstances from which fraud may be clearly inferred, will not justify the overthrow of a judicial sale." *Singleton v. Mullins Lumber Co.,* 234 S. C. 330, 108 S. E. (2d) 414, 424. The rule in Florida is substantially to the same effect. In *Eristavi-Tchitcherine v. Miami Beach Federal Savings & Loan Association,* 154 Fla. 100, 16 So. (2d) 730, 734, the Court said: "The general rule is that inadequacy of price alone is not sufficient to set aside a judicial sale. Of course where such inadequacy is connected with or shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of the purchaser or other party connected with the sale, which has worked injustice to the party complaining and which was unknown to him at the time the sale was confirmed, the sale will generally be set aside."

In *Singleton v. Mullins Lumber Co., supra,* an action in equity was brought to set aside, for fraud and want of jurisdiction, a foreclosure decree and sale made thereunder. Among other grounds of fraud, it was contended that the property was sold for only $20.00, a grossly inadequate price. The Court declined to set aside the sale.

Quite apposite is *Fidelity-Bankers' Trust Co. v. Little,* 178 S. C. 133, 181 S. E. 913, 925. In that case the plaintiff,

a Tennessee Corporation, held a note given by residents of this State which was secured by a trust deed covering property in Tennessee. The land was sold in Tennessee under the terms of the trust deed, bid in by plaintiff, and the proceeds applied on the note. Thereafter an action was brought in this State against the makers to recover the balance due. Among other defenses, it was alleged that the property was worth $60,000.00 and sold for only $12,000.00, an inadequate price, and plaintiff should be required to account for its full value. In holding that the fact that the land was sold for less than its actual value constituted no defense, the Court said: "Having failed to take any action in the courts of Tennessee to prevent the sale, or to have the value of the property ascertained, or to have the sale set aside, the defendants are not in a position to ask the courts of this state to pass upon the value of said property. They are estopped. In our opinion, it was not proper to receive testimony in this case for the purpose of fixing the value of the said property, and the trial judge properly refused to submit to the jury that question as to the value of said land."

In *Bryan v. Bryan,* 220 S. C. 164, 66 S. E. (2d) 609, 610, it was held that although a court of equity has inherent power to grant relief from a law judgment on ground of fraud, it must appear that the fraud was extrinsic and not intrinsic. It was there pointed out that "equitable relief from a judgment is denied in cases of intrinsic fraud, on the theory that an issue which has been tried and passed upon in the original action should not be retried in an action for equitable relief against the judgment, and that otherwise litigation would be interminable."

The order of the Circuit Court striking defendants' answer and giving judgment on the pleadings is affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.