20169

Lissa J. MITCHELL, Respondent, v. Margaret MITCHELL, a/k/a
Margaret Mozingo Mitchell, Appellant

(222 S. E. (2d) 499)

*E. N. Zeigler, Esq.*, of Florence, *for Appellant.*

*Haigh Porter, Esq.*, of Florence, *for Respondent.*

February 18, 1976.

NESS, Justice:

The issue in this appeal is whether S. C. Code Sec. 10-1520 (1962) requires a party to seek leave of court before instituting an action in South Carolina to enforce a judgment of *another* state.

Respondent, Lissa J. Mitchell, obtained a default judgment in California against the appellant, Margaret Mozingo

Mitchell.[1] Respondent sued in Common Pleas Court for recognition and enforcement of the California judgment. By demurrer, appellant contended the action must be dismissed due to respondent's failure to secure leave of court in obedience to S. C. Code Sec. 10-1520. The trial court overruled the demurrer. We affirm.

S. C. Code Sec. 10-1520 (1962) provides:

"No action shall be brought *upon a judgment rendered in any court in this State,* except the court of a magistrate, between the same parties without leave of the court, or a judge thereof at chambers, for good cause shown on notice to the adverse party. . . ." (Emphasis added)

By its express, unambiguous language the section deals with enforcement of domestic judgments. It does not apply to recognition of foreign judgments. Where the terms of a statute are clear, the court must apply them according to their literal meaning. *Home Building & Loan Association v. City of Spartanburg,* 185 S. C. 313, 194 S. E. 139 (1937).

Appellant urges the statute should be construed to cover actions on any judgments. Otherwise, it is argued, foreign judgments are accorded a preferred status to judgments of South Carolina courts.

When a judgment is obtained from a South Carolina court, there is no need to bring a subsequent action on the judgment. The judgment may be enforced within ten years after its rendition pursuant to the applicable statutory provisions for docketing and enforcement of judgments. S. C. Code (1962) Sections 10-1519; 10-1544; 10-1561 and 10-1703.

Before a foreign judgment may be enforced in South Carolina, it must be recognized by a South Carolina court.

---

[1] It is alleged appellant was personally served in California. The underlying cause of action is based on a breach of a separation and property settlement agreement between Lissa and Cameron Mitchell in which Margaret Mozingo Mitchell signed as a guarantor.

Normally, recognition is accomplished by bringing suit in South Carolina and pleading the foreign judgment as the cause of action. Restatement (2d), Conflict of Laws, Sec. 99, Sec. 100b; 50 C. J. S. Judgments Sec. 892. See *Hamilton v. Patterson*, 236 S. C. 487, 115 S. E. (2d) 68 (1960) and *Coskery & Davidson v. Wood,* 52 S. Ct. 516, 30 S. E. 475 (1898). Adoption of the appellant's position would result in a cumbersome and time consuming process of filing an additional motion with the court for the routine enforcement of foreign judgments.

The order of the trial court is

Afirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.