515 S.E.2d 542

**The JAY GROUP, LTD., Respondent,**

**v.**

**The BOOTERY OF HAYWOOD MALL, INC., d/b/a George's Bootery, Appellant.**

**No. 2959.**

Court of Appeals of South Carolina.

Submitted Jan. 12, 1999.

Decided March 15, 1999.

William H. Thomas, III, of Greenville, for appellant.

Leo A. Dryer, Jr., of Columbia, for respondent.

HUFF, Judge:

The Bootery of Haywood Mall, Inc. (Haywood Bootery) appeals from the trial judge's order according full faith and credit to a North Carolina default judgment in favor of the Jay Group, Ltd. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

The Jay Group is a shoe wholesaler in North Carolina. The Haywood Bootery is one of several separate South Carolina corporate entities doing business as George's Bootery. Each of the entities, including Haywood Bootery, operates its own retail shoe store.

The Jay Group filed an action in North Carolina for an account debt against several of the entities, including the Haywood Bootery. Supporting its claim of both personal jurisdiction over and debt of the defendants, the Jay Group submitted statements and invoices to the North Carolina court. The North Carolina court entered a default judgment

in favor of the Jay Group against the defendants for the sum certain of $4,740.19, plus interest and costs.

The Jay Group then sought to domesticate the North Carolina judgment in Greenville County, South Carolina, against the Haywood Bootery. The Haywood Bootery challenged the judgment as rendered without personal jurisdiction and moved the court to set it aside. After a hearing, the trial court denied Haywood Bootery's motion and ruled that the North Carolina judgment was valid and enforceable. The Haywood Bootery filed a motion for reconsideration, which the trial court summarily denied. This appeal follows.

## LAW/ANALYSIS

The Haywood Bootery essentially complains that the North Carolina judgment against it is not entitled to full faith and credit because the court rendered it without personal jurisdiction over the defendant. We agree.

The Uniform Enforcement of Foreign Judgments Act permits a judgment debtor to "file a motion for relief from, or notice of defense to, [a] foreign judgment on the grounds that the foreign judgment has been appealed from, that enforcement has been stayed by the court which rendered it, or on any other ground for which relief from a judgment of this State is allowed." S.C.Code Ann. § 15–35–940(A) (Supp. 1998). Lack of personal jurisdiction is one such ground upon which a judgment debtor may file a motion for relief from a foreign judgment. *PYA/Monarch, Inc. v. Sowell's Meats & Servs., Inc.*, 327 S.C. 469, 473, 486 S.E.2d 766, 768 (Ct.App. 1997). Upon a hearing, "[t]he judgment creditor has the burden of proving that the foreign judgment is entitled to full faith and credit." S.C.Code Ann. § 15–35–940(B) (Supp.1998). The law against which a foreign judgment is evaluated for validity and effect is the law of the state rendering. that judgment. *PYA/Monarch*, 327 S.C. at 473, 486 S.E.2d at 768. Thus, we must determine whether North Carolina properly exercised personal jurisdiction over Haywood Bootery pursuant to North Carolina law.

North Carolina follows a two-step analysis in determining whether its courts may exercise personal jurisdiction over

a non-resident defendant. First, it must be determined whether the North Carolina long-arm statute supports the court's authority over the defendant. Second, it must be determined whether the exercise of jurisdiction violates due process. *Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 364, 348 S.E.2d 782, 785 (1986). North Carolina's long-arm statute states in relevant part:

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j), Rule 4(j1), or Rule 4(j3) of the Rules of Civil Procedure under any of the following circumstances:

. . .

(5) Local Services, Goods or Contracts.—In any action which:

. . .

d. Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction;

N.C.Gen.Stat. § 1–75.4(5)(d) (1997).

In an affidavit accompanying the Haywood Bootery's motion to set aside the North Carolina judgment, George Marianos, president of all but one of the entities doing business as George's Bootery, admitted that several of the businesses owed the Jay Group money but denied the Haywood Bootery did. Indeed, the Jay Group's exhibits in its North Carolina action reflect that the goods allegedly shipped were neither sold to nor shipped to the Haywood Bootery. The Jay Group simply demonstrated no connection between the Haywood Bootery and itself.

Although the Haywood Bootery put forth this argument to the trial court on its motion for reconsideration, the trial court rejected it stating that it declined "to inquire into the merits of the North Carolina complaint." While it may appear that this argument goes to the merits of that action, it actually addresses the jurisdiction. Because the Jay Group failed to demonstrate in North Carolina that it shipped shoes to the Haywood Bootery or that its act would otherwise bring it under the statute, it was improper for the court to assume jurisdiction. In the enforcement proceedings below, the Jay Group bore the burden of proving the judgment was entitled to full faith and

credit which would include a showing that it was based on a proper assumption of jurisdiction.

In this case, the North Carolina court improperly asserted jurisdiction over this defendant, notwithstanding its admittedly liberal long-arm statute. Although the exhibits demonstrate that jurisdiction was proper over several of the defendants, the Jay Group did not establish in either the North Carolina action or in the proceedings below that the Haywood Bootery's conduct was such that the North Carolina court could assert jurisdiction. Although the trial court below concluded that the North Carolina court based jurisdiction on the basis of N.C.Gen.Stat. § 1–75.4(5)(d), concerning goods shipped from North Carolina plaintiffs to out of state defendants, the record shows a lack of proof that this or any of the other provisions of the long-arm statute apply to this defendant. Because the North Carolina long-arm statute did not confer jurisdiction over this defendant, it is unnecessary to apply the due process analysis. As Jay Group failed to carry its burden of proving the foreign judgment is entitled to full faith and credit, we conclude that the judgment is not so entitled.

For the foregoing reasons, the order below is

**REVERSED.**

CONNOR and HEARN, JJ., concur.