651 S.E.2d 606

LAW FIRM OF PAUL L. ERICKSON, P.A., Appellant

v.

James R. BOYKIN and Mona S. Boykin, Respondents.

No. 4262.

Court of Appeals of South Carolina.

Heard Nov. 6, 2006.
Decided June 27, 2007.
Rehearing Denied Oct. 15, 2007.

206

Paul L. Erickson, of Asheville, NC, for Appellant.

Carolyn R. Hills, of Myrtle Beach, for Respondents.

SHORT, J.:

Paul L. Erickson appeals the circuit court's order denying enforcement of a North Carolina default judgment based on the foreign court's lack of personal jurisdiction. We affirm.

## FACTS

James and Mona Boykin (the Boykins) are residents of Horry County, South Carolina and the parents of an autistic son. In 1999, they hired Erickson, a North Carolina attorney licensed to practice law in South Carolina, to represent them in an action against the Horry County School District for failure to provide certain services to their son.

Erickson represented the Boykins at a four-day administrative hearing before the School District, at an appeal before the Horry County Circuit Court, and before a federal court in Florence. The action was ultimately unsuccessful; thus, the Boykins were required to pay Erickson a discounted rate of $50 per hour for legal services rendered. Although the Boykins had already paid him over $20,000 in legal fees, Erickson maintained they still owed $21,660.00, plus interest. The Boykins refused to pay Erickson the remaining legal fees he claims they owe.

On August 18, 2003, Erickson obtained a default judgment against the Boykins in Buncombe County, North Carolina. On December 6, 2004, Erickson filed to have the foreign judgment enforced in Horry County. In response, the Boy-

kins moved for relief of enforcement on the basis that North Carolina lacked personal jurisdiction.

At a hearing on June 1, 2005, Erickson's attorney argued North Carolina had personal jurisdiction over the Boykins because they visited his office in North Carolina and because the attorney/client agreement between Erickson and the Boykins provided that any action to collect fees would take place in Buncombe County, North Carolina. The Boykins' attorney denied her clients ever traveled to North Carolina to meet with Erickson and objected to the contract being entered into evidence because it had not been filed with the default judgment and was a hearsay document. The Boykins' attorney also argued that the Boykins had no contact with the State of North Carolina and that both parties contemplated that any action taken by Erickson on behalf of the Boykins would occur in South Carolina.

By order dated June 1, 2005, the circuit court granted the Boykins' motion for relief, provided the Boykins' attorney with one week to submit a proposed written order, and provided Erickson's attorney with one week to respond to the proposed written order. On June 15, 2005, Erickson submitted to the circuit court an affidavit regarding solicitation and services performed and a request for the court to take judicial notice of the North Carolina complaint and the attorney/client agreement.

The circuit court issued its final order on June 17, 2005. In this order, the circuit court noted the attorney/client agreement had not been admitted into evidence because it was a hearsay document and lacked proper foundation. The circuit court further found no evidence had been offered to show the Boykins had established the requisite minimum contacts to confer personal jurisdiction upon the North Carolina court. Accordingly, the circuit court granted the Boykins relief from the North Carolina judgment.

On June 18, 2005, Erickson filed a motion for reconsideration and again requested the circuit court consider the affidavit and take judicial notice of the documents. On August 26, 2005, the circuit court issued an order denying Erickson's motion for reconsideration, his request for the court to take judicial notice of the documents, and his request for the court

to consider the affidavit. In that order, the circuit court found the documents were not admissible because they were submitted after the hearing. This appeal followed.

## STANDARD OF REVIEW

"An action to enforce a foreign judgment is an action of law." *Sec. Credit Leasing, Inc. v. Armaly,* 339 S.C. 533, 539, 529 S.E.2d 283, 286 (Ct.App.2000). On appeal of an action at law tried without a jury, the circuit court's findings of fact will not be disturbed if there is any evidence which reasonably supports the findings. *Carson v. Vance,* 326 S.C. 543, 547, 485 S.E.2d 126, 128 (Ct.App.1997).

## LAW/ANALYSIS

Erickson argues the circuit court erred by failing to give full faith and credit to the North Carolina judgment. He maintains the North Carolina judgment was valid and, as such, bore a presumption that personal jurisdiction was proper. He also contends the Boykins failed to carry the necessary burden of proof to overcome the presumption. Erickson further alleges error in the circuit court's acceptance and entry of an order provided by the Boykins' attorney which contained findings he claims are unsupported in the record. Lastly, Erickson argues the circuit court erred by failing to take judicial notice of numerous documents and facts submitted to the circuit court after the hearing, and he requests that this court take judicial notice of the same. We disagree with each of Erickson's arguments and affirm the circuit court's order.

### DEFAULT JUDGMENT

The Full Faith and Credit Clause provides that "Full Faith and Credit shall be given in each state to the ... judicial proceedings of every other State." U.S. Const. Art. IV. § 1. This clause requires that judgments of the courts of one state are given the same faith and credit in another state. *Hamilton v. Patterson,* 236 S.C. 487, 492, 115 S.E.2d 68, 70 (1960) (citation omitted). Where a judgment is rendered by a court of competent jurisdiction, the Full Faith and Credit Clause precludes any examination into the merits of the case "or the validity of the legal principles on which the judgment

is based." *Id.* However, the "Full Faith and Credit Clause does not prevent the litigation of personal jurisdiction in an action to enforce a foreign judgment." *Colonial Pacific Leasing Corp. v. Taylor,* 326 S.C. 529, 532, 484 S.E.2d 595, 596–7 (Ct.App.1997).

The Supreme Court of South Carolina has recognized that a judgment rendered by a court presumes subject matter and personal jurisdiction, and if the judgment "appears on its face to be a record of a court of general jurisdiction, such jurisdiction over" the case is presumed "unless disproved by extrinsic evidence, or by the record itself." *Taylor v. Taylor,* 229 S.C. 92, 97, 91 S.E.2d 876, 879 (1956) (citations omitted). As part of the Uniform Enforcement of Foreign Judgments Act, South Carolina has enacted § 15–35–940 which provides:

(A) The judgment debtor may file a motion for relief from, or notice of defense to, the foreign judgment . . . on any . . . ground for which relief from a judgment of this State is allowed.

(B) If the judgment debtor has filed a motion for relief or notice of defenses, then the judgment creditor may move for enforcement or security of the foreign judgment as a judgment of this State, if all appeals of the foreign judgment are finally concluded and the judgment is not further contested. The judgment creditor's motion must be heard before a judge who has jurisdiction of the matter based upon the amount in controversy as the amount remaining unpaid on the foreign judgment. The South Carolina Rules of Civil Procedure apply. *The judgment creditor has the burden of proving that the foreign judgment is entitled to full faith and credit.*

S.C.Code Ann. § 15–35–940 (2005) (emphasis added).

This statute was enacted by the Legislature to extend greater protection to South Carolina citizens in the enforcement of foreign judgments and impacts the earlier presumption of validity laid out in South Carolina case law.

Under this statutory scheme, the presumption of regularity ends when the judgment debtor files a motion for relief from or notice of defense to the foreign judgment. At that time, the burden of proving the foreign judgment is

entitled to full faith and credit shifts to the judgment creditor.[1]
*See The Jay Group, Ltd. v. The Bootery of Haywood Mall,
Inc.,* 335 S.C. 114, 116, 515 S.E.2d 542, 543 (Ct.App.1999).
The judgment creditor's burden extends to situations where
the judgment debtor challenges the validity of the foreign
judgment based on a lack of personal jurisdiction. *Id.*

█ In the present case, the Boykins, who did not make a
general appearance in North Carolina, moved for relief from
enforcement of the foreign judgment. Upon this motion,
pursuant to § 15–35–940(B) the burden of proving the North
Carolina judgment was entitled to full faith and credit shifted
to Erickson. The only evidence offered by Erickson at the
hearing, the attorney/client agreement, was excluded by the
circuit court.[2] A full review of the record shows only that the
Boykins are South Carolina residents who hired Erickson to
represent them in litigation in South Carolina. The certified
copy of the foreign judgment which Erickson filed with the
court is devoid of any statement or explanation of personal
jurisdiction over the Boykins. Therefore, Erickson has failed
to meet his burden of proving that the foreign judgment was
entitled to full faith and credit.

The dissent would reverse based on a finding that Erickson,
the judgment creditor, had not moved for enforcement of the
foreign judgment, and therefore, the burden had not shifted to
Erickson to prove the foreign judgment was entitled to full
faith and credit. This finding is rooted in the language of
§ 15–35–940(B) which states:

If the judgment debtor has filed a motion for relief or notice
of defenses, then the judgment creditor may move for
enforcement or security of the foreign judgment as a judg-
ment of this State, if all appeals of the foreign judgment are
finally concluded and the judgment is not further contested.

---

**1.** To the extent that *Sec. Credit Leasing, Inc. v. Armaly,* 339 S.C. 533,
529 S.E.2d 283 (Ct.App.2000) is inconsistent with this opinion, it is
overruled.

**2.** Erickson argues that the forum selection clause in the attorney/client
agreement provides North Carolina with personal jurisdiction. The
circuit court found the agreement containing the clause was not admis-
sible because it was a hearsay document and lacked a proper founda-
tion. Erickson does not appeal this ruling. Therefore, we have not
considered the forum selection clause in reaching this decision.

*The judgment creditor's motion must be heard before a judge who has jurisdiction of the matter based upon the amount in controversy as the amount remaining unpaid on the foreign judgment.* · The South Carolina Rules of Civil Procedure apply. The judgment creditor has the burden of proving that the foreign judgment is entitled to full faith and credit.

S.C.Code Ann. § 15–35–940 (2005) (emphasis added). The dissent's reasoning is essentially that because the sentence emphasized above is expressly limited to only the judgment creditor's motion the two sentences which follow are likewise limited.

Even though the second sentence of Subsection (B) is expressly limited to only the judgment creditor's motion, it does not follow that the remaining sentences are subject to the same limitation. This is exemplified by the third sentence's mandate that the South Carolina Rules of Civil Procedure apply. Clearly the South Carolina Rules of Civil Procedure would apply to motions made by either party. Under the statute before us, we fail to see why the assignment of the burden of proof would not likewise apply to both motions. Furthermore, the only South Carolina case to ever expressly address the burden of proof in a judgment creditor's motion for relief under § 15–35–940 states the burden is on the judgment creditor to prove the foreign judgment is entitled to full faith and credit. *See The Jay Group, Ltd. v. The Bootery of Haywood Mall, Inc.,* 335 S.C. 114, 116, 515 S.E.2d 542, 543 (Ct.App.1999).

## THE COURT'S ORDER

■ Erickson argues the seventh finding of fact in the circuit court's order was erroneous. In its order, the circuit court found:

There was no evidence presented that any services rendered by Plaintiff on behalf of the Defendant[s] took place in North Carolina. To the contrary, it was undisputed that all meetings, hearing, filings, and other contact incident to Plaintiff's services took place in South Carolina.

■ As laid out in Erickson's brief, his allegation of error appears to focus on whether or not it was disputed that a

meeting between the parties took place in North Carolina. At the hearing, Erickson's attorney stated that the Boykins had traveled to North Carolina to meet with his client. As correctly pointed out by Erickson's attorney in his motion for reconsideration and by Erickson himself in his reply brief, an argument by a party's attorney is not evidence. *See Bowers v. Bowers*, 304 S.C. 65, 403 S.E.2d 127 (Ct.App.1991). The burden of proving the foreign judgment was entitled to full faith and credit fell on Erickson. Since Erickson's attorney's argument was not evidence, the circuit court judge correctly found there was no evidence presented to show Erickson had performed any services on behalf of the Boykins in North Carolina.

## JUDICIAL NOTICE

Erickson argues the circuit court erred in failing to take judicial notice of numerous documents and facts, and he requests this court take judicial notice of the same. We find no error and deny his request.

Erickson requested that the circuit court take judicial notice of the complaint he filed in North Carolina, the attorney/client agreement between the parties, and an affidavit stating the Boykins solicited his services and attesting to the number of hours he spent working on the case. By order dated August 26, 2005, the circuit court denied these requests. In that order, the circuit court found the documents were not admissible because they were submitted after the hearing.

Rule 201, SCRE, governs the taking of judicial notice and provides:

(a) **Scope of Rule.** This rule governs only judicial notice of adjudicative facts.

(b) **Kinds of Facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(f) **Time of Taking Notice.** Judicial notice may be taken at any stage of the proceeding. . . .

When a court takes judicial notice of a fact it "admit[s] into evidence and consider[s], without proof of the facts, matters of common and general knowledge." *Moss v. Aetna Life Ins. Co.,* 267 S.C. 370, 377, 228 S.E.2d 108, 112 (1976) (citation omitted). In order for a fact to be subjected to judicial notice, the fact must be of "such common knowledge that it is accepted by the general public without qualification or contention, or its accuracy may be ascertained by reference to readily available sources of indisputable reliability." *Bowers v. Bowers,* 349 S.C. 85, 94, 561 S.E.2d 610, 615 (Ct.App.2002) (citation omitted).

The facts included in the documents presented by Erickson are not the type accepted without qualification or contention, and, in fact, the Boykins contest the facts contained in these documents. Accepting these facts into evidence without proof would be improper. Moreover, Erickson did not submit these documents or make his request for the circuit court to take judicial notice until after the circuit court had granted the Boykins' motion for relief. By form order dated June 1, 2005 and filed June 6, 2005, the circuit court granted the Boykins' motion for relief. Erickson did not submit the documents or request the court to take judicial notice of the documents until June 15, 2005. Accordingly, the circuit court denied Erickson's motion because it was filed after the hearing. Given the dispute in this case and the time at which the documents were submitted and the request made, we find the doctrine of judicial notice is not properly applicable to these documents.

██ Additionally, Erickson requests this court take judicial notice of certain facts showing the majority of the time he spent working on the case was in North Carolina. It is difficult to discern from the record if Erickson requested the circuit court take judicial notice of these particular facts. However, even if these facts were properly presented to the circuit court, we find no error in the circuit court's failure to take judicial notice. Furthermore, we refuse to take judicial notice of these facts as they are irrelevant to the determination of the matter before this court. Erickson's travel time and time spent in North Carolina as opposed to time he spent in South Carolina have no bearing on whether North Carolina has personal jurisdiction over the Boykins. *See Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283

(1958) ("The unilateral activity [within the forum state] of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State.").

## CONCLUSION

The appellant failed to present competent evidence to show that the North Carolina judgment was entitled to full faith and credit; therefore, the judgment of the circuit court is

**AFFIRMED.**[3]

HUFF, STILWELL, KITTREDGE, BEATTY, and WILLIAMS, JJ., concur.

GOOLSBY, J., dissenting in a separate opinion in which CURETON and LEE, A.JJ., concur.

GOOLSBY, J. (dissenting):

I respectfully dissent. I would reverse the judgment below, principally because the trial judge placed the burden of proof upon the wrong party. The judgment debtors bore that burden in this instance, not the judgment creditor, and the judgment debtors failed to carry that burden.

The appellant Law Firm of Paul L. Erickson, P.A., filed with the clerk of court of Horry County pursuant to S.C.Code Ann. § 15–35–920(A) (2005)[4] a properly authenticated copy of a North Carolina judgment it obtained against the respondents James R. Boykin and Mona S. Boykin, two South Carolina residents; on August 19, 2003, in Buncombe County, North Carolina. An affidavit, which the firm's president executed and which indicated, among other things, the judgment was uncontested and wholly unsatisfied, accompanied the

---

**3.** Erickson requests that if we determine he is not entitled to have his foreign judgment enforced, we enter our order without prejudice so he can bring a "common law action for the enforcement of his judgment." We hold the issues of prejudice and the future application of preclusion are not properly before this court for review.

**4.** The cited code section is included within an article entitled "the Uniform Enforcement of Foreign Judgments Act." S.C.Code Ann. §§ 15–35–900 to –960 (2005).

copy of the judgment.[5] The Law Firm thereafter served the notice required by S.C.Code Ann. § 15–35–930(A) (2005) upon the Boykins.

As allowed by S.C.Code Ann. § 15–35–940(A) (2005),[6] the Boykins filed a "Motion for Relief from Enforcement of Foreign Judgment," contesting the North Carolina judgment on the ground "that the North Carolina court lacked personal jurisdiction over the [Boykins]." The Law Firm did not move, as it could have done, "for enforcement or security of the foreign judgment as a judgment of this State."[7]

Following a hearing[8] upon the Boykins' motion,[9] the trial court granted the Boykins' "motion for relief" after finding

---

5. The filing of a foreign judgment and affidavit allows the foreign judgment to be docketed and indexed. S.C.Code Ann. § 15–35–920(B) (2005). Once a foreign judgment is filed pursuant to S.C.Code Ann. § 15–35–920(A), it "has the same effect and is subject to the same defenses as a judgment of this State and must be enforced or satisfied in like manner." S.C.Code Ann. § 15–35–920(C) (2005); see 50 C.J.S. *Judgment* § 985, at 593 (1997) ("[A] foreign judgment rendered by a court of competent jurisdiction may be registered in a court of the forum state for the purposes of enforcement.").

6. S.C.Code Ann. § 15–35–940(A) (2005) provides in relevant part:
   The judgment debtor may file a motion for relief from . . . the foreign judgment . . . on any ground for which relief from a judgment of this State is allowed.

7. S.C.Code Ann. § 15–35–940(B). The cited section reads:
   If the judgment debtor has filed a motion for relief or notice of defenses, then the judgment creditor may move for enforcement or security of the foreign judgment as a judgment of this State, if all appeals of the foreign judgment are finally concluded and the judgment is not further contested. The judgment creditor's motion must be heard before a judge who has jurisdiction of the matter based upon the amount in controversy as the amount remaining unpaid on the foreign judgment. The South Carolina Rules of Civil Procedure apply. The judgment creditor has the burden of proving that the foreign judgment is entitled to full faith and credit.
   The Uniform Enforcement of Foreign Judgments Act does not affect a "judgment creditor's right to bring a civil action in this State to enforce the creditor's judgment." S.C.Code Ann. § 15–35–950 (2005). *See* 50 C.J.S. *Judgment* § 1042, at 650 (1997) ("Courts recognize at least two proceedings for the enforcement of foreign judgments: filing under the Uniform Enforcement of Foreign Judgments Act . . . or filing a common law action.").

8. The trial judge recognized the Boykins as the moving party at the hearing when he addressed the Boykins' counsel. "Give me," he said,

"no evidence offered ... suggest[ed] that the [Boykins] ever established any contact with North Carolina ... sufficient to rise to the level of the 'minimum contacts' required." The Boykins, however, offered no evidence at all at the hearing either by testimony or by affidavit regarding the issue of personal jurisdiction, notwithstanding the file containing a copy of the foreign judgment, which appears regular on its face, had been produced to the trial court.[10] Neither did the Boykins point to anything in the record that supported their contention. What they did offer was argument of counsel, which, of course, is not "evidence."[11]

The rule that "[a] judgment pronounced by a court of record of general jurisdiction, regular on its face, carries with it a presumption of validity"[12] is so elementary that citation to the rule ought not to be necessary. Consistent with this rule is the one that "[a] party seeking to enforce a judgment usually is aided by certain presumptions as to matters such as jurisdiction, and ordinarily establishes his or her case by producing the judgment."[13] Moreover, "a party who controverts the validity of a judgment generally bears the burden of showing

---

"a little factual history, moving party, what you're seeking, then I'll hear counsel tell me why he thinks you ought not to get that remedy." Whereupon, as the record shows, counsel for the Boykins explained the background of the case. In doing so, counsel for the Boykins admitted her clients "received a default judgment which [the Law Firm] has since registered in Horry County and [the Boykins had] moved for relief from the enforcement of the judgment based on the lack of personal jurisdiction."

9.   The first sentence of the trial court's order recites that "**THIS MATTER COMES BEFORE THE COURT** pursuant to a motion filed by [the Boykins] seeking relief from the enforcement of a final [j]udgment issued in the Buncombe County, North Carolina Superior Court on August 19, 2003. (Bolding in original)"

10.   *See infra* note 16.

11.   *See Gilmore v. Ivey*, 290 S.C. 53, 58, 348 S.E.2d 180, 183 (1986) (holding factual statements of counsel, whether made during oral argument or in written briefs, ordinarily cannot be considered in determining whether a genuine issue of material fact exists).

12.   47 Am.Jur.2d *Judgments* § 800, at 378–79 (2006).

13.   *Id.* § 799, at 378.

such invalidity by proper evidence." [14]   With respect to foreign judgments in particular, such a judgment is presumed to be valid where "rendered by a court of general jurisdiction"; [15] and the party attacking the foreign judgment bears the burden of proving "it should not be given full faith and credit." [16]

In South Carolina, "[a] judgment creditor may move for enforcement ... of the judgment as a judgment of this State" [17] where the judgment debtor, as here, has filed a motion to be relieved from a foreign judgment.  If the judgment creditor—here, the Law Firm—does so move, our statute plainly mandates the motion for enforcement be "heard before a judge who has jurisdiction of the matter," prescribes the South Carolina Rules of Civil Procedure are to apply, and places upon the judgment creditor "the burden of proving that the foreign judgment is entitled to full faith and credit." [18]

Our state's version of the Uniform Enforcement of Foreign Judgments Act does not alter in any way material in this instance the general rule regarding who has the burden of proof.  This is because the judgment creditor here has not yet moved to enforce its foreign judgment against the judgment debtors, the Boykins.

As we read the record, all that occurred here was that (a) the Law Firm filed with the appropriate South Carolina clerk of court pursuant to sec.  15–35–920(A) a copy of an authenticated copy of its foreign judgment along with a supporting affidavit; (b) the Law Firm served a notice of the filing pursuant to sec.  15–35–930(A) upon the Boykins; (c) the Boykins filed a motion for relief from the foreign judgment pursuant to sec.  15–35–940(A); [19]  and (d) the Boykins at the

---

14.  *Id.*

15.  *Id.* § 801, at 379.

16.  *Id.* § 803, at 381.

17.  S.C.Code Ann. § 15–35–940(B) (2005).

18.  *Id.*

19.  I entertain no doubt that the authenticated copy of the judgment and related documents were of record and before the trial court at the hearing.  The trial judge states at one point, "I'm going to read this file

hearing on their motion failed to rebut the presumption that the Law Firm's North Carolina judgment is entitled to full faith and credit. The presumption arose when the Law Firm filed with the clerk of court and served on the Boykins a "filed, stamped copy" [20] of a foreign judgment that was properly authenticated pursuant to Rule 44(a)(2), SCRCP,[21] a copy of which was included in the file at the hearing and was before the trial court. Under these circumstances, the trial court should not have granted the Boykins the relief that they sought because they, not the Law Firm, had the burden of proof and they offered no evidence and pointed to nothing in the record, as it existed at the time of the hearing, that supported their position that the North Carolina court lacked personal jurisdiction over them. The Law Firm's judgment,

---

for a moment." Counsel for the Boykins apparently knew the contents of the file. The only item counsel claimed that was not part of the file was the contract the Law Firm sought to introduce at the hearing. Counsel states, when voicing her objection to the introduction of the contract, "It's not part of the file. It wasn't filed with the judgment."

**20.** S.C.Code Ann. § 15–35–930(A) (2005).

**21.** *See Coskery v. Wood*, 52 S.C. 516, 519, 30 S.E. 475, 476 (1898) ("When ... an action is brought in this State upon a judgment recovered in another State ... and the same is properly authenticated in the manner prescribed by the act of Congress for that purpose, it must be regarded, at least, as *prima facie* evidence that such judgment has been rendered by a court of competent jurisdiction, in conformity to the laws of the state in which it appears to have been rendered."); *Sec. Credit Leasing, Inc. v. Armaly*, 339 S.C. 533, 540–41, 529 S.E.2d 283, 287 (Ct.App.2000) ("[The judgment debtor], by challenging the enforcement of the foreign judgment on the ground of lack of personal jurisdiction, assumed the burden of proof."); *see also Lust v. Fountain of Life, Inc.*, 110 N.C.App. 298, 429 S.E.2d 435, 437 (1993) ("The introduction into evidence of a copy of the foreign judgment, authenticated pursuant to Rule 44 of the Rules of Civil Procedure, establishes a presumption that the judgment is entitled to full faith and credit.").

To the extent that our case *Jay Group v. Bootery of Haywood Mall*, 335 S.C. 114, 515 S.E.2d 542 (Ct.App.1999), is in conflict with this opinion, I would overrule it. That case appears to hold that the judgment creditor has the burden of proof in *all* cases in which the judgment debtor attacks the validity of a foreign judgment. As explained above, this conclusion is erroneous. Only where the judgment debtor moves for relief from a foreign judgment *and* the judgment creditor "then" moves for enforcement does the judgment creditor have the burden of proving the foreign judgment is entitled to full faith and credit. S.C.Code Ann. § 15–35–940(B) (2005).

which appears regular on its face, was entitled, therefore, to full faith and credit.[22]

I would reverse.

---

22. *Taylor v. Taylor*, 229 S.C. 92, 97, 91 S.E.2d 876, 879 (1956).