628 S.E.2d 43

**MINORPLANET SYSTEMS USA LIMITED, Respondent,**

v.

**AMERICAN AIRE, INC., Appellant.**

**No. 26125.**

Supreme Court of South Carolina.

Heard Jan. 17, 2006.

Decided March 13, 2006.

Jack D. Simrill, of Hilton Head Island, for Appellant.

Stanley H. McGuffin, and Lindsey Carlberg, both of Haynsworth, Sinkler Boyd, P.A., of Columbia, for Respondent.

Acting Justice CLYDE N. DAVIS, JR.:

This is an appeal from an order directing entry of a Texas judgment against Appellant, American Aire, Inc. (American Aire). We affirm.

## FACTS

On January 22, 2003, the president of American Aire, E. Vernon McCurry, entered into a "VMI Equipment, GSM Data Service and Software License Agreement" with Respondent, Minorplanet Systems USA Limited (Minorplanet), a Texas Corporation. The agreement was signed at American Aire's home office in Hilton Head, South Carolina, and contains the following forum selection clause:

*GOVERNING LAW: CONSENT TO JURISDICTION AND VENUE:* THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS (RULES) OR CHOICE OF LAWS (RULES) THEREOF. **CUSTOMER CONSENTS TO THE EXCLUSIVE PERSONAL JURISDICTION AND VENUE OF THE STATE DISTRICT COURT RESIDING IN DALLAS COUNTY, DALLAS, TEXAS** (OR IF APPLICABLE THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION) FOR ALL LITIGATION WHICH MAY BE BROUGHT WITH RESPECT TO OR ARISING OUT OF THE TERMS OF AND THE TRANSACTIONS AND RELATIONSHIPS CONTEMPLATED BY THIS AGREEMENT.

(Emphasis supplied).

On December 19, 2003, Minorplanet obtained a default judgment against American Aire in the District Court, County

of Dallas, Texas, in the amount of $25,660.12, plus prejudgment interest and attorney's fees. In February 2004, Minorplanet filed a Notice of Filing of Foreign Judgment in Beaufort County. American Aire filed a Motion for Relief from judgment, contending it was void for lack of personal jurisdiction. The circuit court denied American Aire's motion for relief, and ordered entry of judgment.

## ISSUE

Did the circuit court err in holding the forum selection clause contained in the parties' contract was sufficient to establish personal jurisdiction over American Aire?

## SCOPE OF REVIEW/LAW

■■ An action to enforce a foreign judgment is an action at law. *See Carson v. Vance,* 326 S.C. 543, 485 S.E.2d 126 (Ct.App.1997). In an action at law, tried by a judge without a jury, the findings of the trial court must be affirmed if there is any evidence to support them. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E.2d 773 (1976).

■ "Full Faith and Credit shall be given in each state to the ... judicial proceedings of every other State." U.S. Const. Art. IV, § 1. In accordance with this mandate, the courts of one state must give such force and effect to a foreign judgment as the judgment would receive in the state where rendered. *Hamilton v. Patterson,* 236 S.C. 487, 115 S.E.2d 68 (1960). The validity and effect of a foreign judgment must be determined by the laws of the state which rendered the judgment. *Hamilton v. Patterson; Security Credit Leasing, Inc. v. Armaly,* 339 S.C. 533, 529 S.E.2d 283 (Ct.App.2000); *Purdie v. Smalls,* 293 S.C. 216, 220, 359 S.E.2d 306, 308 (Ct.App.1987). A judgment presumes jurisdiction over the subject matter and over the persons, and if it appears on its face to be a record of a court of general jurisdiction, jurisdiction is to be presumed unless disproved by extrinsic evidence, or by the record itself. *Taylor v. Taylor,* 229 S.C. 92, 97, 91 S.E.2d 876, 879 (1956).

## DISCUSSION

■ American Aire asserts the forum selection clause is insufficient to establish personal jurisdiction. We disagree. We find the clause enforceable under Texas law.

■ Texas courts have recognized that the "enforcement of forum-selection clauses is mandatory unless the party opposing enforcement clearly shows that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *In re Automated Collection Technologies, Inc.*, 156 S.W.3d 557, 559 (Tex.2004); *see also In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex.2004).[1] Further, under Texas law, a defendant waives any objection to lack of personal jurisdiction by agreeing to a clause naming Texas as the forum. *AIU Insurance*, 148 S.W.3d at 112. The party opposing enforcement of the forum-selection clause carries a heavy burden of showing the forum-selection clause should not be enforced. A forum selection clause will be invalidated only (1) if it was the product of fraud or overreaching, (2) if the agreed forum is so inconvenient as to deprive the litigant of his day in court, or (3) if enforcement would contravene a strong public policy of the forum in which the suit is brought. *Tri–State Building Specialties, Inc. v. NCI Building Systems*, 184 S.W.3d 242, 2005 WL 2470528 (Tex.App.2005).

American Aire relies upon three cases which are inapplicable here. First, it cites *Loyd & Ring's Wholesale Nursery, Inc. v. Woodley Landscaping*, 315 S.C. 88, 431 S.E.2d 632 (1993), for the proposition that a forum selection clause is, by itself, insufficient to confer personal jurisdiction because, under **Florida law,** there must be an independent basis and other

---

1.  Under South Carolina law, a consent to jurisdiction clause is generally presumed valid and enforceable when made at arm's length by sophisticated business entities. *Republic Leasing Co., Inc. v. Haywood*, 329 S.C. 562, 495 S.E.2d 804 (Ct.App.1998), *vacated on other grounds*, 335 S.C. 207, 516 S.E.2d 441 (1999), *Security Credit Leasing, Inc. v. Armaly*, 339 S.C. 533, 529 S.E.2d 283 (Ct.App.2000), *citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). *See also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (upholding forum-selection clause notwithstanding form contract in which one party did not have bargaining parity).

minimum contacts for a Florida court to exercise jurisdiction. However, this case does not involve Florida law but, rather, Texas law which does allow for jurisdiction based upon a forum selection clause. *See In re Automated Collection Technologies, Inc., supra.*

American Aire also cites *Michiana Easy Livin' Country Inc. v. Holten,* 127 S.W.3d 89 (2003), *reversed* 168 S.W.3d 777 (2005), as standing for the proposition under Texas law that a forum selection clause is not, in and of itself, sufficient to confer personal jurisdiction and that there must be sufficient independent minimum contacts. *Michiana* involved a Texas resident's (Holten's) purchase of a motor home from an Indiana Corporation. Holten contacted Michiana in Indiana, and Michiana had the motor home delivered to a third party in Indiana for delivery to Holten in Texas. The sales contract contained a forum selection clause designating Indiana as the forum state over any disputes arising over the sale. Thereafter, Holten instituted suit against Michiana in the Texas courts alleging breach of contract and violation of the Texas Deceptive Trade Practices Act. The trial court held Michiana had sufficient minimum contacts to support jurisdiction in Texas, and that the forum selection clause did not preclude Texas litigation because Michiana could or should have foreseen it might become subject to suit in Texas, i.e., the clause did not necessarily indicate that Michiana had no minimum contacts anywhere else. On appeal, the trial court's ruling was reversed. 168 S.W.3d 777 (2005). The Supreme Court held Michiana had insufficient minimum contacts to subject it to suit in Texas, and that Holten failed to prove the forum-selection clause was unjust or unreasonable, such that he was bound by it. 168 S.W.3d at 793.

*Michiana* simply does not address the validity of the Indiana forum selection clause or whether, had Holten been sued by Michiana in Indiana, the clause would have been sufficient to subject him to personal jurisdiction of the Indiana courts, which is the issue in this case. Accordingly, we find *Michiana* inapplicable to the case before us.

Lastly, American Aire cites *Blair Communications, Inc. v. Survey Equipment Services, Inc.,* 80 S.W.3d 723 (Tex.App. 2002). In *Blair,* the Texas Court of Appeals held the non-

resident company, a Delaware corporation with its principal place of business in New York, had insufficient minimum contacts to warrant the Texas court's exercise of jurisdiction. There, the Texas corporation, SES, faxed a proposed contract to Blair at its New York office, and thereafter mailed a hard copy of the agreement, which included a forum selection clause designating Texas as the chosen forum. The court held Blair's contacts with Texas were insufficient to confer jurisdiction; however, the court specifically declined to address the validity of the forum selection clause as it was not asserted by SES as a basis for jurisdiction. 80 S.W.3d at 728, n. 4. Accordingly, *Blair* simply does not resolve the issue before the Court.

■ We find that, under Texas law, enforcement of a forum-selection clause is mandatory unless the party opposing enforcement "clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *In re AIU Insurance Co.,* 156 S.W.3d at 559. As the Texas Court of Appeals recently stated, "If a party signs a contract with a forum selection clause, then that party has either consented to personal jurisdiction or waived the requirements for personal jurisdiction in that forum." *Tri–State Building Specialties, Inc. v. NCI Building Systems, L.P.,* 184 S.W.3d 242 (Tex.App.,1st Dist. 2005). Accordingly, under Texas law, it is clear the forum selection clause here was sufficient to establish jurisdiction. *Accord Phoenix Network Technologies Ltd. v. Neon Systems, Inc.,* 177 S.W.3d 605 (Tex.Ct.App.2005) (recognizing that under Texas law, forum selection clauses are prima facie valid and enforceable).

## CONCLUSION

The trial court properly ruled the forum selection clause here was valid and enforceable. Accordingly the judgment below is

**AFFIRMED.**

MOORE, A.C.J., BURNETT, PLEICONES, JJ., and Acting Justice Edward B. Cottingham, concur.