681 S.E.2d 575

**LAW FIRM OF PAUL L. ERICKSON, P.A. Petitioner,**

v.

**James R. BOYKIN and Mona S. Boykin, Respondents.**

No. 26694.

Supreme Court of South Carolina.

Heard May 28, 2009.

Decided July 27, 2009.

Rehearing Denied Sept. 3, 2009.

---

498

Karl Smith, of Smith, Watts & Associates, of Hartsville, and Paul L. Erickson, of Asheville, North Carolina, for Petitioner.

Carolyn R. Hills, of Hills and Hills, of Myrtle Beach, for Respondents.

Justice PLEICONES:

We granted certiorari to review an *en banc* Court of Appeals decision [1] which held that petitioner "failed to present competent evidence to show that the North Carolina [default judgment it obtained against respondents] was entitled to full faith and credit." *Law Firm of Erickson, P.A. v. Boykin,* 375 S.C. 204,375 S.C. 204, 651 S.E.2d 606 (Ct.App.2007). We reverse.

---

1. The majority was comprised of Judges Short, Huff, Stillwell, Kittredge, Beatty, and Williams while Acting Judges Cureton and Lee joined Judge Goolsby's dissent.

## FACTS/PROCEDURAL HISTORY

South Carolina has adopted a modified version of the Uniform Enforcement of Foreign Judgments Act, codified at S.C.Code Ann. §§ 15–35–900 through –960 (2005 and Supp. 2008). Pursuant to § 15–35–920(A), petitioner filed a properly authenticated North Carolina judgment along with the requisite affidavit with the Horry County Clerk of Court. Petitioner then served the notice required by § 15–35–930(A) on respondents.

Respondents filed a "Motion for Relief from Enforcement of Foreign Judgment" pursuant to § 15–35–940(A), alleging the North Carolina court lacked personal jurisdiction over respondents. At a hearing in circuit court respondents presented no evidence, but relied on their attorney's argument that their contacts with North Carolina were insufficient to support personal jurisdiction.

The circuit court upheld respondents' challenge to petitioner's North Carolina default judgment. "It is well-settled that the party seeking to invoke personal jurisdiction over a non-resident defendant bears the burden of proving personal jurisdiction. . . ." Next, the judge noted that while petitioner had offered a copy of the parties' fee agreement into evidence at the hearing to show personal jurisdiction, he declined to admit it. Even if it had been admitted, the judge would have held "the choice of law or venue clause" was insufficient to confer jurisdiction. Finally, holding that whether the minimum contacts standard has been met is a fact-specific inquiry, the circuit judge held petitioner failed to offer any evidence.[2]

Petitioner filed a timely motion for reconsideration, arguing essentially that the burden of rebutting the presumption of the regularity accorded the North Carolina judgment fell on the respondents, and that they had failed to meet this burden since they produced no evidence at the hearing. After the

---

2. We note that the circuit judge relied entirely on South Carolina law in determining the minimum contacts issue. This was error. "The law against which a foreign judgment is evaluated for viability and effect is the law of the State rendering the judgment." *PYA/Monarch, Inc. v. Sowell's Meats & Servs., Inc.*, 327 S.C. 469, 486 S.E.2d 766 (Ct.App. 1997).

motion was denied, petitioner appealed to the Court of Appeals.

Petitioner raised three issues on appeal:

1) That the circuit court failed to accord the proper presumption of correctness due the North Carolina judgment and that respondents did not meet their burden of proof to show the judgment was invalid;

2) That the circuit court erred in signing and filing an order prepared by respondents' counsel which contained numerous unsupported facts; and

3) That the circuit court erred in failing to take notice of facts and documents petitioner submitted after the hearing.

The Court of Appeals upheld the circuit court against all challenges. *Law Firm, supra.* We granted certiorari to review only the first issue, whether respondents had the burden to rebut the judgment's validity.

## ISSUE

Whether the burden of proof to show that North Carolina had personal jurisdiction over respondents rested on petitioner?

## ANALYSIS

 The Court of Appeals acknowledged, as it must, that under the Full Faith and Credit Clause,[3] personal jurisdiction is presumed when a foreign judgment appears on its face to be a record of a court of general jurisdiction. *Law Firm, supra,* citing *Taylor v. Taylor,* 229 S.C. 92, 91 S.E.2d 876 (1956). The Court of Appeals held, however, that § 15–35–940 "was enacted by the Legislature to extend greater protection to South Carolina citizens in the enforcement of foreign judgments and impacts the earlier presumption of validity laid out in South Carolina case law." The presumption arises not from state case law, however, but rather from the United States Constitution. *E.g., Adam v. Saenger,* 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649 (1938). To read the statute in this way

---

3. U.S. Const. art. IV, § 1.

arguably violates the Supremacy Clause[4] and/or the Privileges and Immunities Clause[5] of the United States Constitution.

The Court of Appeals construed § 15–35–940 to shift the burden of proving the foreign judgment's regularity to the creditor when the debtor challenges the judgment in South Carolina court proceedings. Section 15–35–940 provides:

**Motion for relief from, or notice of defense to, foreign judgment; grounds; motion for enforcement; Rules of Civil Procedure applicable; burden of proving judgment entitled to full faith and credit.**

(A) The judgment debtor may file a motion for relief from, or notice of defense to, the foreign judgment on the grounds that the foreign judgment has been appealed from, that enforcement has been stayed by the court which rendered it, or on any other ground for which relief from a judgment of this State is allowed.

(B) If the judgment debtor has filed a motion for relief or notice of defenses, then the judgment creditor may move for enforcement or security of the foreign judgment as a judgment of this State, if all appeals of the foreign judgment are finally concluded and the judgment is not further contested. The judgment creditor's motion must be heard before a judge who has jurisdiction of the matter based upon the amount in controversy as the amount remaining unpaid on the foreign judgment. The South Carolina Rules of Civil Procedure apply. The judgment creditor has the burden of proving that the foreign judgment is entitled to full faith and credit.[6]

The Court of Appeals held that the presumption of the foreign judgment's regularity "ends when the judgment debt-

---

**4.** U.S. Const. art. VI, cl. 2: "This Constitution ... shall be the supreme law of the land ... anything in the Constitution or laws of any state to the contrary notwithstanding."

**5.** U.S. Const. art. IV, § 2, cl. 1.

**6.** Although modeled on the Uniform Act, South Carolina's version "departs from the official text in such manner that the various instances of substitution, omission, and additional matter cannot be clearly indicated by statutory notes." Master Edition, 13 Uniform Laws Annotated, pt. 1 p. 158 (2002). § 15–35–940 is loosely based on § 4 of the Uniform Act. *Id.* at pp. 234–235.

or files a motion for relief or notice of defense under § 15–35–940(A)." *Law Firm, supra.* In making this assertion, the Court of Appeals relied on its decision in *The Jay Group, Ltd. v. The Bootery of Haywood Mall, Inc.*, 335 S.C. 114, 515 S.E.2d 542 (Ct.App.1999). The *Law Firm* majority also cited *Jay Group* for the proposition that when, as here, a judgment debtor challenges a foreign judgment for lack of personal jurisdiction, the presumption evaporates and the burden shifts to the creditor to show the foreign judgment is entitled to Full Faith and Credit. Finally, the majority overruled its decision in *Sec. Credit Leasing, Inc. v. Armaly*, 339 S.C. 533, 529 S.E.2d 283 (Ct.App.2000) to the extent it is inconsistent with these holdings. We hold *Armaly* was correctly decided while *Jay Group* was not, and as explained below, we now overrule *Jay Group.*

In *Armaly*, the creditor filed an action to enforce its Florida default judgment against the South Carolina debtor. The debtor then moved to dismiss the action, alleging Florida lacked personal jurisdiction over him. The *Armaly* court held, citing *Taylor, supra,* which itself quoted from *Cook v. Cook*, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146 (1951), that the debtor challenging a foreign judgment on the ground of lack of personal jurisdiction assumes the burden of overcoming, by the record or by extrinsic evidence, the constitutionally mandated presumption of the foreign judgment's regularity.

In *Jay Group,* however, the Court of Appeals relied upon § 15–35–940(B) to reverse a circuit court order according a North Carolina default judgment Full Faith and Credit. The court cited the statute for the proposition that the creditor bears the burden of proving the judgment is entitled to Full Faith and Credit, analyzed the evidence of personal jurisdiction under North Carolina law, and found it wanting. *Jay Group* refers only to § 15–35–940(B), and not to any cases or constitutional principles.[7]

The majority in this case relied solely on the statute and the *Jay Group* decision, to affirm the circuit court. The dissenters avoided the constitutional implications of the majority's decision and would have read the statute to provide that only

7. No petition for rehearing was filed with the court nor was a certiorari sought from this Court.

where debtor moves for relief from the judgment, and the creditor then moves to enforce it, is the presumption of regularity removed, and the burden shifted to the creditor. *See Law Firm, supra* fn. 21. The dissenters would have upheld *Armaly* and overruled *Jay Group. Id.*

■ "[T]he burden of undermining the decree of a sister state 'rests heavily on the assailant'. . . [who can overcome the presumption of jurisdiction and validity afforded the judgment by the Full Faith and Credit Clause only] by extrinsic evidence, or by the record itself." *Cook v. Cook*, 342 U.S. at 128, 72 S.Ct. 157. We reverse the Court of Appeals' holding that § 15–35–940 shifts the burden of proving personal jurisdiction if the debtor files a motion for relief or notice of defense and overrule *Jay Group.*

■ The question then becomes whether § 15–35–940 is capable of being read so as not to offend the U.S. Constitution. As explained below, we find only the last sentence of § 15–35–940(B) is offensive and sever it from the statute. *E.g., Sojourner v. Town of St. George*, 383 S.C. 171, 679 S.E.2d 182 (2009) (court can sever unconstitutional portion of a statute under certain circumstances).

Subsection (A) of § 15–35–940 permits the debtor to file a motion for relief from judgment or a notice of defense to the foreign judgment. Once a foreign judgment is properly enrolled pursuant to § 15–35–920 it "has the same effect and is subject to the same defenses as a judgment of this State and must be enforced or satisfied in like manner . . . ." § 15–35–920(C). In our view, a "Motion for Relief" refers to a Rule 60, SCRCP, motion brought by the debtor, while a "notice of defense" would be filed in a creditor's enforcement action, and raise either defenses found in Rule 12(b), SCRCP, or those found specifically in § 15–35–940(A), i.e., that the judgment is under appeal in the rendering jurisdiction or that jurisdiction has stayed the judgment. Read this way, subsection (A) simply establishes procedures by which a debtor can raise an objection to a foreign judgment.

■ The more difficult questions arise from the language of section (B), which provides:

(B) If the judgment debtor has filed a motion for relief or notice of defenses, then the judgment creditor may move for enforcement or security of the foreign judgment as a judgment of this State, if all appeals of the foreign judgment are finally concluded and the judgment is not further contested. The judgment creditor's motion must be heard before a judge who has jurisdiction of the matter based upon the amount in controversy as the amount remaining unpaid on the foreign judgment. The South Carolina Rules of Civil Procedure apply. The judgment creditor has the burden of proving that the foreign judgment is entitled to full faith and credit.

The first three sentences, like section (A), merely set forth procedures, and echo the more specific information found in § 15–35–920(C). The last sentence, however, unequivocally places the burden of proving the judgment's entitlement to Full Faith and Credit on the creditor. Such a requirement violates the federal constitution, *e.g. Cook v. Cook, supra,* and accordingly we strike this sentence from § 15–35–940(B). We find that this sentence can be severed, leaving the statute "complete in itself, wholly independent of that which is rejected, and [the remainder] is of such a character that it may fairly be presumed that the legislature would have passed it independent of that which conflicts with the constitution." *Sojourner v. Town of St. George, supra,* citing *Joytime Distribs. & Amusement Co., Inc. v. State,* 338 S.C. 634, 648, 528 S.E.2d 647, 654 (1999).

## CONCLUSION

We reverse the decision of the Court of Appeals, hold that the last sentence of § 15–35–940(B) violates the federal constitution but is severable from the rest of the statute, and overrule *The Jay Group, Ltd. v. The Bootery of Haywood Mall, Inc., supra,* to the extent it conflicts with our decision today.

**REVERSED.**

TOAL, C.J., WALLER, J., and Acting Justices TIMOTHY M. CAIN and R. KNOX McMAHON, concur.