THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Pacific Fibers, Inc., a California Corporation, Respondent,
 
 
 
 
 

v.

 
 
 
 Korea Poly Co., LTD, a Korean Limited Liability Company, and
 Edward Oh, d/b/a U.S. Fibers, Inc., Defendants,
 
 
 Of whom Edward Oh, d/b/a U.S. Fibers, Inc. is the Appellant.
 
 
 
 
 

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2009-UP-612
 Submitted November 2, 2009  Filed
December 22, 2009

AFFIRMED 

 
 
 
 Ryan
 L. Beasley, of Greenville, for Appellant.
 Thomas
 J. Thompson and Richard T. Townsend, of Laurens, for Respondent.
 
 
 

PER
 CURIAM: 
 This appeal concerns the enrollment of a California default judgment pursuant
 to the Uniform Enforcement of Judgments Act.  See S.C. Code Ann. §§
 15-35-900 to -960 (2005 & Supp. 2008). The facts surrounding the issuance
 of the California judgment stem from a business transaction between Pacific
 Fibers, Inc., a California company, and Korea Poly Co., LTD, a Korean company. 
 The original complaint alleged that Edward Oh (Oh), a South Carolina resident,
 brokered the transaction and that he obtained a commission from Korea Poly for
 brokering the deal.  The complaint further alleged that Oh "represented to
 [Pacific Fibers] that he and his company, U.S. Fiber, Inc. would guarantee
 payment on the transaction with Korea Poly, and that a letter of credit was not
 necessary."  On appeal, Oh contests the enrollment of the California
 judgment in South Carolina, arguing it was rendered without personal
 jurisdiction.  
We
 affirm[1] pursuant to Rule 220(b)(2), SCACR, and the following authorities: Hamilton
 v. Patterson, 236 S.C. 487, 492, 115 S.E.2d 68, 70 (1960) ("[T]he full
 faith and credit clause of the Constitution precludes any inquiry into the
 merits of the cause of action, the logic or consistency of the decision, or the
 validity of the legal principles on which the judgment is based."); Underwriters
 Nat. Assur. Co. v. N. C. Guaranty Assn., 455 U.S. 691, 705 (1982)
 ("Consequently, before a court is bound by the judgment rendered in
 another State, it may inquire into the jurisdictional basis of the foreign
 court's decree."); S.C. Code Ann. § 15-35-940(A) (2005) (permitting a
 judgment debtor to file a motion for relief from, or a notice of defense to, a
 foreign judgment on any ground for which relief from a judgment of this state
 is allowed); PYA/Monarch, Inc. v. Sowell's Meats & Servs., Inc., 327
 S.C. 469, 473, 486 S.E.2d 766, 768 (Ct. App. 1997) (listing lack of personal
 jurisdiction as a ground upon which relief from judgment is permitted under
 Rule 60(b)(4), SCRCP); Minorplanet Systems USA Ltd. v. American Aire, Inc.,
 368 S.C. 146, 149, 628 S.E.2d 43, 45 (2006) (in determining the validity and
 effect of a foreign judgment based on lack of personal jurisdiction, we look to
 the laws of the state that rendered the judgment); Cal. Code Civ. Proc., §
 410.10 (West 2009) (California courts may exercise jurisdiction over a
 nonresident defendant on any basis not inconsistent with the Constitution of
 California and the United States); International Shoe Co. v. Washington,
 326 U.S. 310, 316 (1945) (personal jurisdiction over a nonresident defendant
 comports with the constitutional requirements of due process if the defendant
 has such minimum contacts with the state that the assertion of jurisdiction
 does not violate traditional notions of fair play and substantial justice); Burger
 King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985) (the level and
 character of minimum contacts necessary for the exercise of specific personal jurisdiction
 depends upon whether the defendant has purposefully availed himself of forum
 benefits and whether the controversy is related to or arises out of the
 defendant's contacts with the forum); Checker Motors Corp. v. Superior Court,
 17 Cal. Rptr.2d 618, 623 (2d Dist. Ct. App. 1993) (finding sufficient minimum
 contacts between California and an out-of-state business where the parties
 negotiated extensively via telephone and other methods of communication).[2]
AFFIRMED.
WILLIAMS,
 PIEPER, and LOCKEMY, JJ., concur.

[1]  We decide this
 case without oral argument pursuant to Rule 215, SCACR.
[2]  While not
 raised on appeal, we note the provision of South Carolina Code Section
 15-35-940(B) (2005) relied upon by the trial court in placing the burden on the
 creditor was subsequently found to be unconstitutional in Law Firm of Paul
 L. Erickson, P.A. v. Boykin, 383 S.C. 497, 681 S.E.2d 575, 579-80 (2009).  Specifically,
 in contemplating the presumption of a foreign judgment's regularity, the Boykin court held the last sentence of § 15-35-940(B) violates the federal
 constitution by unequivocally placing the burden of proving the entitlement to
 full faith and credit on the creditor if the debtor files a motion for relief
 or notice of defense.  Id.  Notwithstanding, this decision would not
 change our disposition herein.