THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 ACMAR Group, Appellant,
 
 
 
 
 

v.

 
 
 
 Commerce Bank,
 N.A., Defendant,
 
 
 

 
 
 
 Commerce Bank,
 N.A.,
 
 
 
 

v.

 
 
 
 
 C. Dave Davis, Respondent.
 
 
 

 
Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

Unpublished Opinion No. 2010-UP-508
 Submitted September 1, 2010  Filed November
18, 2010   

AFFIRMED

 
 
 
 James O. Hale, of Hilton Head Island, for
 Appellant.
 C. Dave Davis, of Hilton Head Island, for
 Respondent.
 
 
 

PER CURIAM:   The
 appeal arises from an order denying ACMAR Group's motion to enforce a judgment
 obtained in New Jersey.  We
 affirm[1] the master-in-equity's refusal to
 recognize the foreign judgment pursuant
 to Rule 220(b), SCACR, and the following authorities: 
1. Concerning whether ACMAR Group's
 service of the amended complaint was proper:  New Jersey Court Rule 1:5-1(a)
 (providing "[i]n all civil actions, unless otherwise provided by rule or
 court order, . . . pleadings subsequent to the original complaint . . . shall
 be served . . . upon parties appearing pro se; but no service need be made on
 parties who have failed to appear except that pleadings asserting new or
 additional claims for relief against such parties in default shall be served
 upon them in the manner provided for service of original process")
 (emphasis added); Minorplanet Sys. USA Ltd. v. Am. Aire, Inc., 368 S.C.
 146, 149, 628 S.E.2d 43, 45 (2006) (stating the validity of a foreign judgment
 must be determined by the laws of the state which rendered the judgment); id. (holding in an action at law, tried by a judge without a jury, the findings
 must be affirmed if there is any evidence to support them). 
2. Concerning whether the
 master-in-equity erred in finding ACMAR Group failed to follow proper New Jersey
 procedure in obtaining default judgment:  Hagood v. Sommerville, 362
 S.C. 191, 199, 607 S.E.2d 707, 711 (2005) (stating the appellate court need not
 address additional issues when resolution of prior issue is dispositive).
AFFIRMED.
SHORT, THOMAS,
 and LOCKEMY, JJ., concur.

[1]   We decide this case without oral argument pursuant
 to Rule 215, SCACR.