757 S.E.2d 732

**DIGITAL ALLY, INC., Respondent,**

v.

**LIGHT–N–UP, LLC, and Steven Shepherd, Appellants.**

Appellate Case No. 2013–000648.

No. 5221.

Court of Appeals of South Carolina.

Heard March 3, 2014.
Decided April 23, 2014.

---

102

Scott Franklin Talley, of Talley Law Firm, P.A., of Spartanburg, for Appellants.

David L. Walsh, of Gaines & Walsh, of Spartanburg, for Respondent.

SHORT, J.

Light–N–Up, LLC, and Steven Shepherd (collectively, Light–N–Up) appeal from an order finding a judgment of Digital Ally, Inc. (Digital Ally) obtained in Missouri was a valid judgment that could be enforced in South Carolina. Light–N–Up argues the Missouri Long Arm Statute does not trump the parties' agreement that Kansas law would apply and exclusive jurisdiction was in the state or federal courts located in Kansas. We affirm.

**FACTS**

Digital Ally is a Nevada corporation with its principal offices located in Kansas. It is registered to do business in Missouri, where its manufacturing facility is located. Light–N–Up is a South Carolina limited liability corporation located in Spartanburg County, South Carolina. Shepherd is a member of Light–N–Up and a resident of Spartanburg County. Light–N–Up entered into a series of contracts with Digital Ally to purchase products for use in its business of equipping police and government vehicles. However, Digital Ally alleged Light–N–Up failed to pay for the products and owed Digital Ally a total of $67,523.72.

Digital Ally filed a petition for recovery of monies in Jackson County, Missouri. It alleged personal jurisdiction and

venue were appropriate in Missouri because the delivery of the products by Digital Ally to Light–N–Up occurred in Jackson County. Digital Ally also alleged causes of action for breach of contract, fraud and intentional deceit, and negligent misrepresentation.

Light–N–Up did not file an answer within the time prescribed by Missouri statutes; thus, Digital Ally filed a motion for default judgment. A hearing on the matter was held in Missouri. After the hearing, the Missouri court entered an order for default judgment against Light–N–Up. Subsequently, Digital Ally filed the Missouri default judgment in Spartanburg County, South Carolina.

In response, Light–N–Up filed a motion for relief from the foreign judgment, alleging Missouri did not have jurisdiction over Light–N–Up. After a hearing, the South Carolina trial court confirmed the foreign judgment. The court's order stated Light–N–Up failed to present any evidence showing the Missouri court lacked jurisdiction. It found Light–N–Up transacted business in Missouri, contracted with Digital Ally in Missouri, and allegedly committed torts in Missouri.

Light–N–Up filed a motion for reconsideration or to alter or amend judgment, asserting there was no evidence Light–N–Up transacted business or committed any torts in Missouri. In an amended order confirming the foreign judgment, the trial court again denied Light–N–Up's motion for relief from the Missouri judgment. However, the order provided Light–N–Up presented evidence the parties' contracts included a forum selection clause stating Kansas law would govern the contracts, and noted Shepherd stated in his affidavit that Light–N–Up has "never operated or done business in the State of Missouri." The order also clarified Light–N–Up contracted with Digital Ally in Kansas, and Digital Ally shipped the products from its factory in Missouri. This appeal followed.

## STANDARD OF REVIEW

■ "An action to enforce a foreign judgment is an action at law." *Minorplanet Sys. USA Ltd. v. Am. Aire, Inc.,* 368 S.C. 146, 149, 628 S.E.2d 43, 44 (2006). In an action at law, tried by a judge without a jury, this court accepts the findings of the trial court if there is any evidence to support the

findings. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

## LAW/ANALYSIS

Light–N–Up argues the trial court erred in finding the Missouri judgment in favor of Digital Ally was a valid judgment that could be enforced in South Carolina. We disagree.

Article IV, Section 1 of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the ... judicial Proceedings of every other State." U.S. Const. art. IV, § 1. "[U]nder the Full Faith and Credit Clause, personal jurisdiction is presumed when a foreign judgment appears on its face to be a record of a court of general jurisdiction." *Law Firm of Paul L. Erickson, P.A. v. Boykin,* 383 S.C. 497, 501, 681 S.E.2d 575, 577 (2009) (footnote omitted). However, " '[a] judgment of a court without jurisdiction of the person or of the subject matter is not entitled to recognition or enforcement in another state, or to the full faith and credit provided for in the federal Constitution.' " *Fin. Fed. Credit Inc. v. Brown,* 384 S.C. 555, 562–63, 683 S.E.2d 486, 490 (2009) (quoting 50 C.J.S. *Judgments* § 986 (1997)). "Where the court of the issuing state has fully and fairly litigated and finally decided the question of jurisdiction, further inquiry into the jurisdiction of the issuing court is precluded." *Pitts v. Fink,* 389 S.C. 156, 162, 698 S.E.2d 626, 629 (Ct.App.2010) (citing *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963)). "Otherwise, 'before a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree.' " *Id.* at 162–63, 698 S.E.2d at 629 (quoting *Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n,* 455 U.S. 691, 705, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982)). In this case, Light–N–Up did not appear in the Missouri action. Thus, before the South Carolina trial court gave full faith and credit to the Missouri judgment, it could properly inquire into the jurisdictional basis of the Missouri decree.

"Pursuant to South Carolina's version of the Uniform Enforcement of Foreign Judgments Act (UEFJA), a judgment debtor is permitted to file a motion for relief from judgment or a notice of defense to a foreign judgment on any ground for which relief from a judgment of this state is allowed." *Id.* at

162, 698 S.E.2d at 629 (citing S.C.Code Ann. § 15–35–940(A) (2005)). *In Law Firm of Paul L. Erickson, P.A. v. Boykin,* 383 S.C. at 504–05, 681 S.E.2d at 579–80, our supreme court determined the last sentence of section 15–35–940(B) of the South Carolina Code violated the Full Faith and Credit Clause of the United States Constitution by shifting the burden of proving personal jurisdiction to the creditor if the debtor filed a motion for relief from judgment or a notice of defense to the foreign judgment.[1]

■ Thus, in challenging that Missouri's judgment was a valid judgment that could be enforced in South Carolina, Light–N–Up bore the burden of overcoming, by the record or by extrinsic evidence, the constitutionally mandated presumption of the foreign judgment's regularity. Light–N–Up did not appear in Missouri, and the Missouri court entered a default judgment against Light–N–Up. "When determining the validity and effect of a foreign judgment based on lack of personal jurisdiction, courts look to the law of the state that rendered the judgment." *Pitts,* 389 S.C. at 163, 698 S.E.2d at 629. Therefore, to ascertain whether the Missouri court properly exercised jurisdiction over Light–N–Up, the trial court was required to consult Missouri law regarding personal jurisdiction.

Missouri law provides that "[w]hen a non-resident defendant raises the issue of lack of personal jurisdiction, the burden is cast upon the plaintiff to prove, first, that the defendant had sufficient minimum contacts with Missouri to satisfy due process requirements and, second, that the suit arose out of an activity enumerated in the long-arm statute." *Elaine K. v. Augusta Hotel Assocs. Ltd. P'ship,* 850 S.W.2d 376, 378 (Mo. Ct.App.1993). "Due process requires that in order to subject a defendant to an in personam judgment, he must have enough minimum contacts with the forum state that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* "In judging minimum

---

1. The court held only the last sentence of section 15–35–940(B) is offensive and could be severed, leaving the statute "complete in itself, wholly independent of that which is rejected, and [the remainder] is of such a character that it may fairly be presumed that the legislature would have passed it independent of that which conflicts with the constitution." *Id.* (quoting *Sojourner v. Town of St. George,* 383 S.C. 171, 177, 679 S.E.2d 182, 186 (2009)).

contacts, a court properly focuses upon the relationship among the defendant, the forum and the litigation." *Id.* "The basic due process test is whether the defendant has 'purposefully availed itself of the privilege of conducting activities within the forum state.'" *Id.* (quoting *State ex rel. Wichita Falls Gen. Hosp. v. Adolf*, 728 S.W.2d 604, 607 (Mo.Ct.App.1987)).

Missouri's long arm statute, found in section 506.500(1) of the Annotated Missouri Statutes, provides in pertinent part:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state. . . .

Mo. Ann. Stat. § 506.500(1) (1, 2, and 3) (West 2013).

 The South Carolina trial court was required to determine whether Light–N–Up overcame the presumption of the correctness of Missouri's judgment. The trial court's first order found Light–N–Up failed to present any evidence regarding the lack of jurisdiction of the Missouri court. It further found the facts indicated Light–N–Up "transacted business, contracted with [Digital Ally] and allegedly committed torts, all within Missouri." Therefore, the trial court confirmed the foreign judgment was a valid judgment that is enforceable in South Carolina. In the trial court's amended order confirming the foreign judgment, the court again denied Light–N–Up's motion for relief from the foreign judgment. The court acknowledged Light–N–Up presented evidence the contracts contained a forum selection clause stating Kansas law governed the contracts. The court also noted Light–N–Up presented Shepherd's affidavit stating Light–N–Up had "never operated or done business in the State of Missouri." However, the court found that while Light–N–Up contracted with Digital Ally in Kansas, the goods were shipped from Digital Ally's factory in Missouri; thus, the Missouri long arm statute conferred proper personal and subject matter jurisdiction over Light–N–Up to the Missouri court.

■ We find, based on the facts before us, the requisite minimum contacts existed to satisfy due process requirements. Digital Ally presented evidence Light–N–Up entered into six contracts for products from Digital Ally's manufacturing facility in Missouri; Digital Ally presented evidence Light–N–Up arranged for thirty-day financing with Digital Ally in Missouri; and Digital Ally presented evidence each invoice sent to Light–N–Up instructed it to mail its payments to Missouri. *See St. Jude Med., Inc. v. Lifecare Int'l, Inc.,* 250 F.3d 587, 592 (8th Cir.2001) (finding sufficient minimum contacts, in part, because the contract contemplated products manufactured in the forum state and payments were made to the forum state); *cf. Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.,* 558 F.2d 450, 455 (8th Cir.1977) (finding due process prevented jurisdiction where the contracts were not negotiated or executed in the forum, would not be performed there, and the goods involved neither originated from nor were destined there). Moreover, as stated in the contracts, Digital Ally shipped its products free on board ("F.O.B.")[2] at Digital Ally's manufacturing facility in Missouri; thus, Light–N–Up took delivery of the products in Missouri.[3] An F.O.B. term and payments to the forum state are factors to consider in a minimum contacts analysis, although each, alone, are not dispositive. *See Scullin Steel Co. v. Nat'l Ry. Utilization Corp.,* 676 F.2d 309, 314 (8th Cir.1982) (finding the making of payments in the forum state and the provision for delivery within the forum state are secondary or ancillary factors that cannot alone provide the "minimum contacts" required by due process); *Bell Paper Box, Inc. v. U.S. Kids, Inc.,* 22 F.3d 816, 820 n. 2 (8th Cir.1994) (holding that a "delivery term in a

---

**2.** Section 400.2–319 of the Annotated Missouri Statutes provides:

(1) Unless otherwise agreed the term "F.O.B." (which means "free on board") at a named place, even though used only in connection with the stated price, is a delivery term under which

(a) when the term is F.O.B. the place of shipment, the seller must at that place ship the goods in the manner provided in this article (section 400.2–504) and bear the expense and risk of putting them into the possession of the carrier....

Mo. Ann. Stat. § 400.2–319(*l*)(a) (West 2013).

**3.** "[T]he primary purpose of a F.O.B. term is to allocate the risk of damage to goods between buyer and seller." *Luv N' care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 472 (5th Cir.2006).

contract [such as 'F.O.B.'] [can]not create sufficient contacts to uphold jurisdiction" but "[s]uch delivery terms are not irrelevant to a finding of personal jurisdiction"); *Luv N' care, Ltd.,* 438 F.3d at 471 n. 10 ("We have suggested, however, that the existence of a Free On Board ('F.O.B.') term in a contract is one factor to consider in determining whether the defendant has 'minimum contacts' with the forum state."). Therefore, we find this evidence supports the trial court's determination that the Missouri long arm statute conferred proper personal and subject matter jurisdiction over Light–N–Up to the Missouri court. *See Scullin Steel Co.,* 676 F.2d at 312 ("The Missouri courts have liberally construed the statutory requirement of 'transacting any business' within the state for purposes of long-arm jurisdiction.").

Because this issue is dispositive, we need not reach Light–N–Up's forum selection clause argument. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

## CONCLUSION

Accordingly, the decision of the trial court is
**AFFIRMED.**

FEW, C.J., and GEATHERS, J., concur.