**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Directory Assistants, Inc., Appellant,

v.

Dennis Shay, d/b/a Marsch Chiropractic Center, Respondent.

Appellate Case No. 2014-000459

―――――――――――

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2017-UP-415
Heard January 12, 2016 – Filed November 8, 2017

―――――――――――

**REVERSED**

―――――――――――

D. Lawrence Kristinik, III, Michael J. Anzelmo, and Matthew A. Abee, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Appellant.

David Andrew Maxfield, of Dave Maxfield, Attorney, LLC, of Columbia; and John S. Nichols and Blake Alexander Hewitt, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Directory Assistants, Inc. (Directory) appeals the circuit court's order granting Dennis Shay's Rule 60(b), SCRCP, motion for relief from the enforcement of a Connecticut judgment (the Judgment), arguing (1) the Full Faith and Credit Clause of the United States Constitution precludes relief, (2) the Judgment is final and not subject to collateral attack in South Carolina, (3) res judicata bars relitigation of the issues previously ruled on by the Connecticut superior court (the Connecticut court), and (4) Shay failed to introduce any evidence of a meritorious defense to support relief. We reverse.

Directory, a Connecticut company offering advertising services, entered into a consulting contract with Marsch Chiropractic Center (Marsch) on September 8, 2008,[1] listing licensed chiropractor and business owner Dennis Shay as the "person authorized to contract for advertiser." The contract contained the following arbitration provision:

> [W]e both agree to resolve any dispute arising out of or relating to this contract through confidential binding arbitration and agree to mutually choose an arbitration service, location and choice of law forum. If we are unable to come to a mutual agreement, or if one of us refuses to participate in choosing, the party filing a demand will have the right to make the choices unilaterally, as long as the filing party made a good faith effort to come to a mutual agreement[,] and the non-choosing/non-participating party expressly consents to and waives any and all objections to the choices made. . . . Either [party] may obtain judgment upon an arbitration award in any court in either our home state or your home state, and both of us expressly consent to and waive any objection to the jurisdiction of the court selected by the prevailing party for purposes of seeking confirmation and/or judgment on any arbitration award.

Alleging Marsch failed to pay for services rendered, Directory filed a demand with the American Dispute Resolution Center (ADRC) in Connecticut. Despite Shay's jurisdictional objections, the ADRC determined arbitration would take place in Connecticut under Connecticut law. Following the September 11, 2009 hearing,

---

[1] Marsch was incorporated in Orangeburg County in 1994.

which Shay had notice of but did not attend, the arbitrator found Marsch breached its contract and awarded Directory $34,582 in damages and fees.

Directory subsequently moved for confirmation of the award in the Connecticut court. Shay again filed a jurisdictional objection. The Connecticut court continued the matter and ordered, in pertinent part, "If [Shay] wishes the court to consider the factual claims set forth in his objection and affidavit, he must be present to testify and be subject to cross-examination. . . . If [he] does not appear . . . the court will consider the matter on the papers but will not consider [Shay's] affidavit." After Shay failed to appear at the hearing, the Connecticut court confirmed the arbitration award and denied Shay's motion for reconsideration.[2]

Directory then filed a notice in Orangeburg County seeking certification and enforcement of the Judgment in South Carolina. On September 30, 2013, the circuit court granted Shay's motion for relief from the Judgment, determining that under the South Carolina Uniform Enforcement of Foreign Judgments Act (UEFJA),[3] a judgment debtor against whom a foreign judgment is filed can move for relief "on any other ground for which relief from a judgment of this state is allowed." S.C. Code Ann. § 15-35-940(A) (Supp. 2017). By order dated January 31, 2014, the circuit court denied Directory's motion for reconsideration.

## I. Full Faith and Credit

The Full Faith and Credit Clause provides, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. "In accordance with this mandate, the courts of one state must give such force and effect to a foreign judgment as the judgment would receive in the state where rendered." *Minorplanet Sys. USA Ltd. v. Am. Aire, Inc.*, 368 S.C. 146, 149, 628 S.E.2d 43, 45 (2006). "Generally, full faith and credit 'requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it.'" *Aaron v. Mahl*, 381 S.C. 585, 592, 674 S.E.2d 482, 485 (2009) (quoting *Hospitality Mgmt. Assocs. v. Shell Oil Co.*, 356 S.C. 644, 653, 591 S.E.2d 611, 616 (2004)).

However, some limitations exist. Paramount of these limitations is the caveat that "a judgment of a court in one State is conclusive upon the merits in a court in

---

[2] Shay did not appeal the Judgment in Connecticut.

[3] S.C. Code Ann. § 15-35-910 to -960 (2005 & Supp. 2017).

another State only if the court in the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." *Underwriters Nat. Assurance Co. v. N.C. Life & Acc. & Health Ins. Guar. Ass'n*, 455 U.S. 691, 704 (1982) (quoting *Durfee v. Duke*, 375 U.S. 106, 110 (1963)). "Consequently, before a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree. If that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given." *Id.* at 705. Still, "[t]he burden of undermining the decree of a sister state 'rests heavily upon the assailant.'" *Law Firm of Paul L. Erickson, P.A. v. Boykin*, 383 S.C. 497, 504, 681 S.E.2d 575, 579 (2009) (quoting *Cook v. Cook*, 342 U.S. 126, 128 (1951)).

The UEFJA provides the mechanism for the filing and enforcement of foreign judgments in South Carolina and explains,

> The judgment debtor may file a motion for relief from, or notice of defense to, the foreign judgment on the grounds that the foreign judgment has been appealed from, that enforcement has been stayed by the court which rendered it, or on any other ground for which relief from a judgment of this State is allowed.

§ 15-35-940(A). In *Boykin*, our supreme court explained that section 15-35-940(A) "simply establishes procedures by which a debtor can raise an objection to a foreign judgment." 383 S.C. at 504, 681 S.E.2d at 579. Although the court determined Rule 60(b) motions are procedurally contemplated by section 15-35-940(A), it did not extend viability to all categories of Rule 60(b) relief. 383 S.C. at 504–05, 681 S.E.2d at 579–80. Indeed, the court rejected the statute's effort to shift the burden of proving entitlement to full faith and credit to the judgment creditor, striking the burden-shifting language as violative of the federal constitution. *Id.*

Here, we find the circuit court abused its discretion in granting Shay's motion for relief. *See Ware v. Ware*, 404 S.C. 1, 10, 743 S.E.2d 817, 822 (2013) ("The decision to deny or grant a motion made pursuant to Rule 60(b), SCRCP[,] is within the sound discretion of the trial judge."); *id.* ("An abuse of discretion occurs when the order of the court is controlled by an error of law or where the order is based on factual findings that are without evidentiary support.").

Even if relief were available despite the Full Faith and Credit Clause's requirements, Shay's claim is barred by res judicata and collateral estoppel. *See Mahl*, 381 S.C. at 592, 674 S.E.2d at 486 ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same occurrence that was the subject of a prior action between those parties."); *id.* ("Collateral estoppel prevents a party from re-litigating an issue in a subsequent suit which was actually and necessarily litigated and determined in a prior action."). In *Mahl,* the respondent expressly raised the validity of the assignment at issue to the circuit court in Indiana, which granted summary judgment in favor of the appellant and specifically rejected the respondent's argument. *Id.* at 593, 674 S.E.2d at 486. The respondent did not appeal. *Id.* Thereafter, our supreme court determined the Indiana judgment was entitled to full faith and credit and the respondent should have been collaterally estopped from making the same argument regarding the assignment to the South Carolina courts. *Id.*

Similarly, Shay filed an objection to the confirmation of the arbitration award in Connecticut, arguing he signed the contract as an agent, was not a party to the contract, and should not have been individually named as a defendant in the arbitration proceeding. The Connecticut court considered the objection and confirmed the award against Shay, individually, which he did not appeal. Although Shay asserts the Connecticut court never specifically considered or ruled on his argument that he was not proper party, our review of the record reveals he made an appearance in the Connecticut court, submitted an affidavit, was given the opportunity to fully litigate the issue, and had the option to appeal the Judgment in Connecticut. Thus, he cannot now raise these arguments in South Carolina. *See e.g.*, *Ware*, 404 S.C. at 15–20, 743 S.E.2d at 824–27 (explaining that where wife made a limited appearance in Alabama to challenge personal jurisdiction but failed to pursue her challenge beyond the trial court level, she agreed "to abide by that court's determination on that issue and it [would] be given res judicata effect in further proceedings.").

## II.  Waiver

Under Connecticut law, "[a]ny defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance." *Pitchell v. City of Hartford*, 722 A.2d 797, 802 (Conn. 1999). Failure to bring a jurisdictional challenge within the deadline results in waiver of the jurisdictional issue. *Id.*

Although Shay argues he was not able to fully litigate the arbitrability issue in Connecticut, the record does not support this assertion. After entering an appearance, through counsel, Shay filed an affidavit in Connecticut challenging the existence of a contract because he "did not knowingly sign or enter into this contract" and contending the arbitrator lacked jurisdiction because no court had determined that a valid arbitration agreement existed. Nevertheless, he did not file a motion to dismiss as is required under Connecticut law. Further, he declined to appear for cross-examination even after the Connecticut court set a hearing and specifically notified him that he would need to appear if he wanted the court to consider his affidavit. Thus, any failure of the Connecticut court to address all specifics of Shay's objections occurred because Shay declined to appear and made the conscious choice not to further litigate these issues.[4]

**Conclusion**

We reverse the circuit court and order enrollment of the Judgment.

**REVERSED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[4] In light of our disposition, we find it unnecessary to address Directory's remaining argument that Shay presented no evidence of a "meritorious defense." *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address the remaining issues where a prior issue was dispositive).