**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South State Bank f/k/a SCBT, a South Carolina state chartered banking corporation, d/b/a First Federal, a Division of SCBT, Respondent,

v.

Three Amigos Land Co., LLC, a South Carolina limited liability company; River City Storage, LLC, a Florida limited liability company; Ramco River City, Inc., a Michigan corporation; Liberty River City Residential, LLC, a Florida limited liability company; Ramco Jacksonville, LLC, a Michigan limited liability company; George M. Lee, III, an individual; and Paul V. Degenhart, an individual, Defendants,

Of Whom Paul V. Degenhart is the Appellant.

Appellate Case No. 2016-001521

Appeal From Richland County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2018-UP-184
Submitted March 1, 2018 – Filed May 2, 2018

**AFFIRMED**

Paul V. Degenhart, of Columbia, pro se.

W. Cliff Moore, III, of Adams and Reese LLP, of Columbia, for Respondent.

**PER CURIAM:**  Paul Degenhart appeals the circuit court's order denying his motion for relief from a Florida circuit court order granting South State Bank a deficiency judgment for $513,741.43 in connection with the foreclosure sale of property in Duval County, Florida.  On appeal, Degenhart argues the circuit court erred in: (1) holding the Florida circuit court had personal jurisdiction over him; (2) not addressing his argument that the Florida circuit court lacked subject matter jurisdiction; and (3) not holding South Carolina law governed the enforcement of the deficiency judgment.  We affirm[1] pursuant to Rule 220(b), SCACR.

1. The circuit court did not err in finding the Florida circuit court had personal jurisdiction over Degenhart.  *See Minorplanet Sys. USA Ltd. v. Am. Aire, Inc.*, 368 S.C. 146, 149, 628 S.E.2d 43, 44 (2006) ("An action to enforce a foreign judgment is an action at law."); *Digital Ally, Inc. v. Light-N-Up, LLC*, 408 S.C. 101, 104-05, 757 S.E.2d 732, 734 (Ct. App. 2014) ("In an action at law, tried by a judge without a jury, this court accepts the findings of the circuit court if there is any evidence to support the findings."); Rule 1.140(b), Fla. R. Civ. P.  (providing every defense in law or fact to a claim for relief in a pleading must be asserted in the responsive pleading, if one is required, but a defense for lack of personal jurisdiction may be made by motion at the option of the pleader); Rule 1.140(h)(1), Fla. R. Civ. P. (providing a party waives all defenses and objections that the party does not present by motion under this rule or, if the party has made no motion, in a responsive pleading).

2. Degenhart fails to overcome the presumption of subject matter jurisdiction in the Florida circuit court because the Florida circuit court is a court of general jurisdiction and had authority to enter a deficiency judgment in connection with the foreclosure sale of property in Duval County, Florida.  *See V.L. v. E.L.*, 136 S.Ct. 1017, 1020 (2016) ("With respect to [foreign] judgments, 'the full faith and credit obligation is exacting.'" (quoting *Baker v. General Motors Corp.*, 522 U.S. 222, 233 (1998))); *id.* ("A [s]tate is not required, however, to afford full faith and credit to a judgment rendered by a court that 'did not have jurisdiction over the subject matter or the relevant parties.'" (quoting *Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 705 (1982))); *Underwriters Nat'l Assurance*, 455 U.S. at 705 ("Consequently, before a court is

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

bound by [a] judgment rendered in another [s]tate, it may inquire into the jurisdictional basis of the foreign court's decree."); *V.L.*, 136 S.Ct. at 1020 ("That jurisdictional inquiry, however, is a limited one."); *Milliken v. Meyer*, 311 U.S. 457, 462 (1940) ("[I]f the judgment on its face appears to be a 'record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself.'" (quoting *Adam v. Saenger*, 303 U.S. 59, 62 (1938))); *English v. McCrary*, 348 So. 2d 293, 297 (Fla. 1977) ("In [Florida], circuit courts are superior courts of general jurisdiction, and nothing is intended to be outside their jurisdiction except that which clearly and specially appears so to be."); Fla. Const. art. V, § 5 ("The circuit courts shall have original jurisdiction not vested in the county courts . . . ."); Fla. Stat. § 34.01(1)(c) (2004) (providing Florida county courts have original jurisdiction of actions at law in which the matter in controversy does not exceed $15,000.00).

3. Because the Florida circuit court had personal and subject matter jurisdiction, this court is precluded from inquiring into the merits of the underlying deficiency judgment. *See V.L.*, 136 S.Ct. at 1020 ("With respect to [foreign] judgments, 'the full faith and credit obligation is exacting.'" (quoting *Baker*, 522 U.S. at 233)); *Baker*, 522 U.S. at 233 ("A final judgment in one [s]tate, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land."); *V.L.*, 136 S.Ct. at 1020 ("A [s]tate may not disregard the judgment of a sister [s]tate because it disagrees with the reasoning underlying the judgment or deems it to be wrong on the merits."); *id.* ("On the contrary, 'the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based.'" (quoting *Milliken*, 311 U.S. at 462)).

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**